**In re James Craig WALL, Debtor.**

**No. 89–24840–NT.**

**Contested Matter No. 90–1422–T.**

United States Bankruptcy Court,
E.D. Virginia, Norfolk Division.

Jan. 11, 1991.

Stephen Merrill, Ghent Law Offices, Norfolk, Va., for debtor/plaintiff.

James Webb Jones, Chesapeake, Va., for Atlas Architectural Metals, Inc.

Frank J. Santoro, Portsmouth, Va., Trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This contested matter involves a motion by the debtor, James Craig Wall, to avoid judicial liens of Central Fidelity Bank ("Central Fidelity") and Atlas Architectural Metals, Inc. ("Atlas"). Hearing was held on November 1, 1990, on the debtor's motion for default judgment. The court took the motion under advisement and allowed the parties to file memoranda. After the hearing the debtor filed a motion for summary judgment. Upon considering the pleadings and memoranda, the court denies the debtor's motions for default judgment and for summary judgment and dismisses this contested matter.

### Facts

The debtor filed a motion on August 6, 1990, seeking pursuant to 11 U.S.C. § 522(f) to avoid liens on real property located on Roanoke Avenue in Virginia Beach, Virginia. The motion alleged the following facts, which have not been disputed by the lienholders: The debtor and his wife, a nondebtor, own the property as tenants in common. The property is encumbered by two deeds of trust. Junior to the deeds of trust are two separate judgment liens held by Atlas and Central Fidelity. The first deed of trust encumbers both owners' interests; the second deed of trust and both judgment liens apply only to the debtor's interest in the property.

The debtor seeks to avoid the two judgment liens against his interest. The Atlas judgment is in the amount of $30,806.65 plus attorney's fees and costs and that of Central Fidelity is in the amount of $79,289.06 plus attorney's fees and costs.

The motion to avoid liens stated that the debtor had surrendered his interest in the property as part of his bankruptcy case. The debtor alleged that the liens "impair an exemption to which the debtor would be entitled." The motion indicated that the debtor's intent in avoiding the liens was to permit his wife to sell the property free of the judgment liens against his interest.

Since no responses had been filed to the motion, the debtor filed a motion for default judgment on September 18, 1990. Atlas finally responded to the debtor's initial motion on September 27, 1990, by filing an "Answer and Memorandum of Atlas Architectural Metals, Inc. to Plaintiff's Motion for Entry of an Order Avoiding Judicial Liens," which requested dismissal of the plaintiff's motion to avoid liens. Central Fidelity has never filed a response to the motion.

### Discussion

#### DEFAULT JUDGMENT

The debtor requests default judgment pursuant to bankruptcy rule 7055, assert-

ing that responses should have been filed by September 11, 1990.

■ Whether to grant default judgment under rule 7055 is in the discretion of the trial judge. *Campbell v. Castelo (In re Campbell)*, 105 B.R. 19, 20 (9th Cir. BAP 1989); *Littenstein v. Dorcich (In re Littenstein)*, 35 B.R. 123, 124 (9th Cir. BAP 1983). *Cf. Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (district court powers under F.R.C.P. 55). Although a defendant may technically be in default, the plaintiff's claim against him is not necessarily established. The court must consider whether the plaintiff's allegations are sufficient to state a claim for relief. *Weft, Inc. v. G.C. Investment Associates*, 630 F.Supp. 1138, 1141 (E.D.N.C.1986), *aff'd.*, 822 F.2d 56 (4th Cir.1987). If the plaintiff's claim lacks merit and is unsupported by the law, the court may deny a motion for default judgment despite the technical default. *See Aldabe*, 616 F.2d at 1092–93.

For the reasons stated below, the court determines that the debtor's motion presents facts that preclude his ability to avoid the liens under § 522(f) and will deny the motion for default judgment.

LIEN AVOIDANCE

■ The debtor seeks to avoid the judgment liens pursuant to 11 U.S.C. § 522(f). Section 522(f) provides in pertinent part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under (b) of this section, if such lien is ... a judicial lien....

11 U.S.C. § 522(f).

Thus, according to the statute the lien must impair an exemption that the debtor would have been entitled to take under § 522(b) in order to avoid the lien.

Section 522(b) provides that a debtor may exempt property according to applicable state law. 11 U.S.C. § 522(b)(2)(A). Virginia exemption law provides that a householder may set apart up to $5,000 in value of personal and real property as exempt from creditor process. Va.Code Ann. § 34–4 (1990 repl. vol.). To take this exemption, the debtor must file in the appropriate court a "homestead deed" describing the items of property set aside. Va.Code Ann. § 34–14. This requirement applies to bankruptcy cases. *Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir.1982). It is fundamental that a debtor must state the property claimed exempt in the schedules of assets and liabilities that accompany a bankruptcy petition. *See* Bankruptcy Rule 1007(b).

Here, the debtor did not claim the subject property exempt in schedule B–4 of his bankruptcy petition, and the time has expired for him to file a homestead exemption.[1] In fact, his statement of intention reflects the abandonment of the property, a fact acknowledged in debtor's lien avoidance motion.

■ Thus, the issue presented by the motion to avoid is whether a debtor can avoid liens on property that is not set apart as exempt.[2] The language of the statute as set out above provides that a judicial lien may be avoided on property that the debtor "would have been entitled" to set apart as exempt. Although on its face § 522(f) might be construed not to require that the exemption actually be taken, we must consider that the purpose of this provision is to protect a debtor's exemptions. *In re Dardar*, 3 B.R. 641, 642 (Bankr.E.D. Va.1980). In light of § 522(f)'s purpose to

---

1. The Virginia Code provides that exemptions may only be set apart on or before the fifth day after the date initially set for the § 341 meeting of creditors. Va.Code Ann. § 34–17 (1990 repl. vol.). In this case the § 341 meeting was set for January 23, 1990, a date that had passed long before this motion was brought.

2. The court notes that the parties have framed the issue in this adversary as being whether an exemption may be taken in property in which the debtor has no equity. However, the court cannot rule on this issue since the parties have provided no evidence on value of the property or the amount of the secured debts. In any event, because the question whether a lien can be avoided on property not exempt is dispositive of this case, it is unnecessary for the court to consider the equity issue.

promote a fresh start, *see Hall v. Finance One of Georgia (In re Hall)*, 752 F.2d 582, 588 (11th Cir.1981), it does not make sense to allow a lien to be avoided on property that has not been claimed exempt. Further weakening debtor's argument, he has specifically stated his abandonment of the property.

Consequently, this court rules that in order to avoid a judicial lien under § 522(f) a debtor must properly set apart the subject property as exempt. *See Ragsdale v. Genesco, Inc. (In re Ragsdale)*, 9 B.R. 991, 992 (Bankr.E.D.Va.1981); *In re Dardar*, 3 B.R. at 642.

A separate order will be entered denying debtor's motions for default judgment and summary judgment. Atlas' request in its response that this action be dismissed will be treated as a motion to dismiss and will be granted.

### ORDER

For the reasons stated in the memorandum opinion entered simultaneously with this order, it is ordered that the debtor's motions for default judgment and summary judgment are DENIED. It is further ordered that the motion by Atlas to dismiss this contested matter is GRANTED, and this contested matter is dismissed.