In re Joe Robert HIGGINS, Sr. and Sherrie Reene Higgins, Debtors.

Joe Robert HIGGINS, Sr. and Sherrie Reene Higgins, Appellants,

v.

HOUSEHOLD FINANCE CORP., Appellee.

BAP No. EC–96–1059–MeRD.

Bankruptcy No. 95–25643–B–7.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 21, 1996.

Decided Oct. 7, 1996.

---

Danny L. Moore, Sacramento, CA, for Appellants.

No Appearance by Counsel for Appellee.

Before: MEYERS, RUSSELL and DONOVAN [1], Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

Because there was no equity in the debtors' property, the bankruptcy court denied the debtors' motion to avoid a lien under 11 U.S.C. § 522(f). The debtors appeal.

We **REVERSE**.

### II

#### FACTS

Joe Robert Higgins, Sr. and Sherrie Reene Higgins ("Debtors") filed a Chapter 7 petition on June 20, 1995. The schedules attached to the petition indicated that the Debtors owned real property in Citrus Heights, California ("Property") worth $103,000. The Debtors claimed an exemption of $1 on the Property pursuant to Cal.Civ.Proc. Code Sec. 703.140(b)(1), which at the time the bankruptcy petition was filed allowed an exemption up to $7,500 for a debtor's interest in real property used as the debtor's residence.

The Debtors scheduled two deeds of trust on the Property, one held by Chase Manhattan Mortgage securing a $16,468.19 claim and the other held by Household Finance Corporation ("HFC") securing a $94,115.65 claim. The Debtors also scheduled an abstract of judgment in the amount of $2,097.16 filed by HFC against the Property.

On October 19, 1995, the Debtors filed a motion to avoid HFC's judicial lien. The Debtors filed a declaration averring to the value of the Property, the deeds of trust on the Property and abstract of judgment, as set forth in the schedules. The Debtors stated that there was no equity in the Property at the time they filed for bankruptcy protection. No objections to the motion were filed.

At the hearing on December 19, 1995, the bankruptcy court ruled that because the Property was over-encumbered, the Debtors could not claim an exemption for it. The court held that HFC's judicial lien could not be avoided because it did not impair an exemption. The Debtors appeal from the order denying their motion to avoid the lien.

### III

#### STANDARD OF REVIEW

Interpretation of Section 522(f) is a legal issue reviewed *de novo*. *In re Hastings*, 185 B.R. 811, 813 (9th Cir. BAP 1995).

### IV

#### DISCUSSION

Section 522(f) allows a debtor to avoid the fixing of certain liens on an interest of the debtor in property to the extent that such liens impair an exemption to which the debtor would have been entitled under Section 522(b). Section 522(b) provides that a debtor may exempt (1) property under the federal exemptions contained in Section 522(d), unless State law does not so authorize, or (2) property exempt under State or local law, or other federal law.

Because California has opted out of the federal exemption scheme, State law governs

the right to an exemption in the first instance. *In re Mulch,* 182 B.R. 569, 572 (N.Cal.1995). Under Cal.Civ.Proc.Code § 703.140(b)(1), pursuant to which the Debtors have claimed the Property exempt, debtors are allowed an exemption for their interest in property used as a residence.

This case was filed in 1995, so the amendments to the Bankruptcy Code instituted by the 1994 Bankruptcy Reform Act apply. *See In re Nielsen,* 197 B.R. 665, 668 n. 3 (9th Cir. BAP 1996). The Reform Act added subsection 522(f)(2)(A) to the Code, which "sets forth a mathematical formula to determine whether a lien impairs an exemption." *In re Wilson,* 90 F.3d 347, 350 (9th Cir.1996). It provides:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i) the lien,
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Just as the pre-Amendment version of Section 522(f) instructed courts to determine whether avoiding the judicial lien at issue would entitle the debtor to an exemption, *Owen v. Owen,* 500 U.S. 305, 310–11, 111 S.Ct. 1833, 1836–37, 114 L.Ed.2d 350 (1991), the amended statute advises courts to consider whether disregarding all the liens on the property would allow the debtor an exemption.

In this case, HFC's judicial lien is for $2,097.16 and the other two liens on the Property total $110,583.84. The amount of the exemption the Debtors could claim under Cal.Civ.Proc.Code § 703.140(b) if there were no liens on the property is $7,500. The sum of these three figures, $120,181, exceeds $103,000, the value of the Debtors' interest in the Property in the absence of any liens. Therefore, under the terms of the new statute, HFC's lien is considered to impair the Debtors' exemption.

"The plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). This is not one of those rare cases. The legislative report accompanying the 1994 Bankruptcy Reform Act bolsters the literal application of Section 522, confirming that a lack of equity in property need not preclude avoidance of a lien on that property. The House Report states that the amendment to Section 522 overrules decisions involving several scenarios.

> The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example, of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in that situation the debtor is entitled to exempt his or her residual interests, such as a possessory interest in the property, and avoid a judicial lien or other lien of a type subject to avoidance, in any amount, that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption Congress meant to protect, by executing on the lien. Unfortunately, a minority of court decisions, such as *In re [Gonzalez] Gonzales,* 149 B.R. 9 (Bankr. D.Mass.1993), have interpreted section 522(f) as not permitting avoidance of liens in this situation. The formula in the section would make clear that the liens are avoidable.

H.R.Rep. No. 103–835, 103rd Cong., 2nd Sess. 52–53 (Oct. 4, 1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3361–62.

Congress has made it clear in amending Section 522 that a lien will be deemed to impair an exemption, even when there is no equity in the property, if the sum of all the liens on the property and the hypothetical value of the exemption without liens exceeds the value of the debtor's interest in the prop-

erty in the absence of liens. Pursuant to the plain language of the amended statute, the Debtors in this case are entitled to avoid HFC's lien.

## V

## CONCLUSION

The court's order denying the Debtors' motion to avoid HFC's judicial lien is **REVERSED**.