In the Matter of Raymond Dale
**BERRYHILL, Kay Louise
Berryhill, Debtors.**

No. 99–12485.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Sept. 21, 2000.

Daniel E. Serban, Fort Wayne, IN, for debtor.

Ward W. Miller, Fort Wayne, IN, for Alan Berryhill.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

In this contested matter the Debtors seek to avoid various judicial liens on real estate, pursuant to 11 U.S.C. § 522(f). One of the lienholders (Alan Berryhill) has objected, arguing that the real property in question has not been exempted. The matter has been submitted to the court for decision based upon the parties' stipulation of facts and the briefs of counsel.

Debtors filed a joint bankruptcy petition under Chapter 7 on October 20, 1999. At the time they owned, as tenants by the entirety, approximately 121.5 acres of land in DeKalb County Indiana, which has a value of $203,500.00. The property is encumbered by the following liens: a $350,000 first mortgage in favor of Farm Service Agency; a $333,290 judicial lien in favor of Alan Berryhill entered on July 23, 1993; a $2,941.88 judicial lien in favor of Medical and Dental Business Bureau entered in April of 1996; a $705.94 judicial lien in favor of Snow & Sauerteig entered in July of 1996; a $23,104.48 judicial lien in favor of Kruse & Kruse entered in October of 1997; and, a $193 judicial lien in favor of Boyer Well entered in September of 1998. Debtors' Schedule C—Property Claimed as Exempt—lists as exempt "Real Estate located at 0689 C.R. # 5 Corunna, IN 46730, Fairfield Township, Dekalb County." The value of the exemption Debtors have claimed is "$0.00."

Section 522(f) of the Bankruptcy Code grants debtors the ability to avoid judicial liens to the extent such a lien impairs an exemption. 11 U.S.C. § 522(f)(1)(A). The statute also describes the circumstances under which a judicial lien impairs an exemption. The determination is made by applying a simple mathematical formula. *See In re Ryan,* 210 B.R. 7, 8 (Bankr. D.Mass.1997); *In re Thomsen,* 181 B.R. 1013, 1015 (Bankr.M.D.Ga.1995).

[A] lien shall be considered to impair an exemption to the extent the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no lien on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens. 11 U.S.C. § 522(f)(2)(A).

Where property is subject to more than one lien, a lien that has been avoided is not to be considered in making any subsequent calculations under § 522(f)(2)(A) with respect to any other liens. 11 U.S.C. § 522(f)(2)(B).

In order to determine whether the judicial liens against the Debtors' property impair an exemption, this court must apply the formula set out in § 522(f)(2)(A). Yet, before that becomes necessary, the court should first determine whether the Debtors have actually claimed an exemption in the property. If the property has not been claimed as exempt, a lien against it is not avoidable. *In re Wall,* 127 B.R. 353, 355 (Bankr.E.D.Va.1991).

Indiana is an "opt out" state, having elected not to allow its residents to claim the federal bankruptcy exemptions of section 522(d). *See* 11 U.S.C. § 522(b)(1); Ind.Code Ann. § 34–55–10–1. Indiana debtors are only entitled to the exemptions specified by Indiana law. Each debtor may claim an exemption in:

(1) Real estate or personal property constituting the personal or family residence of the judgment debtor or a dependent of the judgment debtor, or estates or rights in that real estate or personal property, of not more than seven thousand five hundred dollars ($7,500). . . .

(2) Other real estate or tangible personal property of four thousand dollars ($4,000). Ind.Code Ann. § 34–55–10–2(b).

For property which is not the debtor's personal residence, a debtor is entitled to an exemption of only four thousand dollars, which must be divided between non-residential real estate and tangible personal property. Ind.Code Ann. § 34–55–10–2(b)(2). Consequently, to the extent debtors choose to exempt non-residential real estate, there is a corresponding reduction in the exemptions they may claim for tangible personal property.

 The purpose of section 522(f) is to protect debtors' exemptions. *See In re Schweke,* 164 B.R. 751, 752 (Bankr.N.D.Ill. 1994). Its provisions are to be broadly interpreted, so as to carry out the legislative goal that debtors receive a fresh start. *In re Henderson,* 168 B.R. 151, 156 (W.D.Tex.1993). It is even permissible for debtors to avoid a judicial lien in property in which they have no equity. *See In re VanZant,* 210 B.R. 1011, 1013 (Bankr. S.D.Ill.1997). Nevertheless, debtors may not avoid judicial liens upon property without actually claiming an exemption in that property. *Wall,* 127 B.R. at 356.

The clear purpose of section 522(f) is to protect the value of the debtor's exemptions. Consequently, before a lien against property may be avoided, it is entirely consistent with the legislative purpose to require that a debtor have a right to the exemption it seeks to protect *and* that the debtor actually allocate some portion of its available exemptions to that property. To do otherwise would permit the debtor to gain all the benefits of § 522(f) without having to bear the consequences which necessarily flow from having allocated a part of its limited exemptions to the property. The court does not see much difference between avoiding a lien under § 522(f) where no exemption has been claimed and the type of lien stripping prohibited by the Supreme Court in *Dewsnup. See Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

Although the present Debtors have listed the real estate as exempt on Schedule C, they have valued their exemption for the property at $0.00. In the court's opinion, a claimed exemption of $0.00 is the equivalent of no exemption whatsoever. *See In re Sherbahn,* 170 B.R. 137, 140 (Bankr.N.D.Ind.1994)("the extent of [an] exemption is determined by the value claimed exempt which the debtor placed in its schedule of exemptions."); *Ainslie v. Grablowsky (In re Grablowsky),* 149 B.R. 402, 405 (Bankr.E.D.Va.1993)("if debtor is entitled to exemption by declaration, then the debtor is be [sic] bound by his declaration") *aff'd sub nom., Addison v. Reavis,* 158 B.R. 53 (E.D.Va.1993), *aff'd, Ainslie v. Grablowsky,* No. 93–2289, 1994 WL 410995 (4th Cir. Aug. 8, 1994); *In re Forti,* 224 B.R. 323, 327 (Bankr.D.Md.1998)(where debtors claim exemption of zero, no dollar amount of exemption is preserved). Without a claimed exemption in property, there is nothing that § 522(f) can be used to protect.

The judicial liens against Debtors' real estate are not avoidable pursuant to § 522(f). Their motion to do so will be DENIED.