NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No. EW-12-1486-PaJuTa |
| | ) |
| KATHY ANN GREEN, | ) Bankr. No. 04-07678 |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| KATHY ANN GREEN, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| HAPO COMMUNITY CREDIT UNION, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Submitted Without Oral Argument
on July 25, 2013[2]

Filed - August 12, 2013

Appeal from the United States Bankruptcy Court
for the Eastern District of Washington

Honorable Patricia C. Williams, Bankruptcy Judge, Presiding

---

Appearances:   Jeff L. Briggs, Esq. of Preszler and Associates, PLLC, on brief for Appellant Kathy Ann Green; John W. O'Leary, Esq. of Hames, Anderson, Whitlow & O'Leary on brief for Appellee HAPO Community Credit Union.

---

Before: PAPPAS, JURY, and TAYLOR, Bankruptcy Judges.

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2]  After examination of the briefs and record, and after notice to the parties, the Panel unanimously determined that oral argument was not needed for this appeal in an order entered May 3, 2013.  Fed. R. Bankr. P. 8012.

-1-

Chapter 13[3] debtor Kathy Ann Green ("Debtor") appeals the decision of the bankruptcy court denying her motion to avoid the judicial lien of HAPO Community Credit Union ("Creditor") in a reopened bankruptcy case.  We REVERSE and REMAND.

**FACTS**

There are no disputed material facts.

On October 19, 2004, Debtor filed a chapter 13 petition, schedules, and Statement of Financial Affairs (SOFA).  On Schedule A, Debtor listed a "personal residence"[4] valued at $158,400 and encumbered by a mortgage in the amount of $174,886.  Debtor claimed no homestead exemption on Schedule C, perhaps due to the apparent lack of equity in the residence.  On Schedule F, Debtor listed Creditor as an unsecured judgment creditor based on a deficiency owed to Creditor after the repossession and sale of a motor home owned by Debtor and David L. Green, her spouse.[5]

Debtor was not aware that, on September 30, 2004, Creditor recorded the $20,072.98 state court judgment against Debtor.  As a result, under state law, Creditor obtained a judgment lien against Debtor's real property.  See WASH. REV. CODE § 4.56.190.

---

[3] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. Civil Rule references are to the Federal Rules of Civil Procedure 1-86.

[4] Debtor provided no address for the "personal residence" on Schedule A, or on Schedule D, the list of secured creditors; the description of the property on Schedule A was "3 bed, 2 bath, standard lot."  Apparently, Debtor is the sole owner of this property.

[5] Debtor and her husband were separated at the time Debtor filed her bankruptcy petition and schedules.  He is not a party to this action.

-2-

Creditor filed no proof of claim in the bankruptcy case. On January 31, 2005, Debtor's chapter 13 plan, which made no provision for Creditor as a secured creditor, was confirmed by the bankruptcy court. Debtor completed the plan payments and was granted a discharge on October 25, 2007.[6] The bankruptcy case was closed on January 8, 2008.

Approximately four years later, in February 2012, when attempting to refinance her home, Debtor learned of Creditor's judicial lien. On March 9, 2012, Debtor filed a motion to reopen her chapter 13 case, along with a motion to avoid Creditor's judicial lien pursuant to § 522(f)(1)(A). On April 3, 2012, the bankruptcy court granted Debtor's motion to reopen the case. The order entered by the bankruptcy court stated the purpose for reopening the case was to allow Debtor "to avoid a judicial lien held by [Creditor]."

Debtor's motion to avoid the lien argued that Creditor's previously unknown judicial lien was avoidable under § 522(f). Creditor filed an objection to Debtor's motion and argued Debtor lacked equity in her residence and, thus, could claim no exemption. Debtor responded with a supplemental memorandum in support of her motion and argued that equity is not a prerequisite for a claim of a homestead exemption.

---

[6] Even though Debtor confirmed a chapter 13 plan, Creditor's lien was unchallenged and thus it survived the confirmation of the plan and even discharge. See Shook v. McDonald (In re Shook), 278 B.R. 815, 821 (9th Cir. BAP 2002) (stating in a chapter 13 case, "[w]e begin with the longstanding principle that a secured creditor may bypass a debtor's bankruptcy proceedings and enforce its lien in the usual way, because unchallenged liens pass through bankruptcy unaffected.") (citing Long v. Bullard, 117 U.S. 617, 620-21 (1886); Dewsnup v. Timm, 502 U.S. 410, 418 (1992)).

-3-

After entry of the order reopening the case, on April 19, 2012, Debtor filed amended Schedules and an amended SOFA. Schedule D was amended to list Creditor as a secured creditor based on the judgment lien, and Schedule C was amended to claim a homestead exemption in Debtor's residence real property pursuant to § 522(d)(1). The value of the claimed exemption was listed as "$0.00" with the value of the residence listed, as it was in the initial filing, at $158,400.

The bankruptcy court held a hearing on Debtor's motion to avoid Creditor's lien on August 28, 2012. After allowing the parties to argue their positions, the court denied Debtor's motion. The court memorialized its findings of fact and conclusions of law in an order entered September 11, 2012, the form of which was approved by the parties. In the findings of fact, the bankruptcy court determined that the value of Debtor's residence at the time of the filing of her bankruptcy petition was $158,400, as listed in Debtor's schedules, and determined that the residence was encumbered by a mortgage in the amount of $174,886. In addition, as a finding of fact, the bankruptcy court determined that Creditor received timely notice of Debtor's bankruptcy filing. Based on those facts and others, the bankruptcy court concluded:

> Since there was no equity in the property on the date the petition for bankruptcy was filed, [Debtor] cannot now claim an exemption in her residence. Without an actual claimed exemption, the lien cannot now be avoided under 11 U.S.C. § 522(f). In addition, there is a need for finality in bankruptcy cases. The length of time between the date of filing the bankruptcy petition and the date of lien avoidance prejudices the creditor . . . .

Order Re: Motion to Avoid Judicial Lien, Conclusions of Law at

-4-

¶ 1.

Although the order entered by the court stated that Creditor was prejudiced, Creditor presented neither evidence nor argument as to prejudice in its documents or during the hearing on the Debtor's motion.[7]

Debtor filed a notice of appeal on September 20, 2012. On the same day, Debtor also filed a motion for reconsideration. Debtor's motion for reconsideration first argued that the bankruptcy court had misinterpreted § 522(f) by requiring Debtor to have equity in her homestead as a prerequisite to avoid Creditor's judicial lien as impairing her homestead exemption. Secondly, Debtor argued Creditor was not prejudiced by the timing of the filing of Debtor's motion because Creditor had notice of Debtor's chapter 13 case and of her intent to treat Creditor as an unsecured creditor in the case, and Creditor did not then object.

At the October 4, 2012 hearing on the reconsideration motion, the bankruptcy court decided to alter its prior order in part. The court, agreeing with Debtor, concluded that a judicial lien may impair a debtor's homestead exemption even when there is no equity in the property, and that such a lien can be avoided under § 522(f). However, the court declined to grant Debtor's motion and avoid Creditor's judicial lien, reiterating that because Debtor did not initially claim a homestead exemption in her Schedule C, reopening the case and filing an amended Schedule C

---

[7] Creditor conceded this point in its reply in support of its objection to Debtor's motion. "[Debtor] indicates that [Creditor] made an argument for prejudice. [Creditor] did not make an argument for prejudice based upon the seven years debtor took to file her motion."

-5-

was "simply too late . . . a debtor cannot file an amended Schedule C four and a half years after closure of the case, and then base a motion to avoid [the] lien on that amended Schedule C . . . the amended Schedule C was . . . ineffective . . . ." Hr'g Tr. at 14:6-13, Oct. 4, 2012. Notably, the court made no mention, again, of how Creditor had been prejudiced by this procedure. The court entered an order granting in part and denying in part Debtor's motion for reconsideration on October 10, 2012. Debtor filed a timely notice of appeal.

### JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(K). We have jurisdiction under 28 U.S.C. § 158.

### ISSUE

Whether the bankruptcy court erred in denying Debtor's motion to avoid Creditor's judicial lien pursuant to § 522(f) in the reopened bankruptcy case.

### STANDARD OF REVIEW

In a case with no material disputed facts, whether a judicial lien is avoidable under § 522(f) is a question of law reviewed de novo. McCoy v. Kuiken (In re Kuiken), 484 B.R. 766, 769 (9th Cir. BAP 2013) (citing Moore & Moore v. Stoneking (In re Stoneking), 225 B.R. 690, 695 (9th Cir. BAP 1998)).

Whether a debtor may claim an exemption is a question of law reviewed de novo. Arnold v. Gill (In re Arnold), 252 B.R. 778, 784 (9th Cir. BAP 2000) (citing Coughlin v. Cataldo (In re Cataldo), 224 B.R. 426, 428-29 (9th Cir. BAP 1998)). A bankruptcy court has no discretion to disallow amended exemptions unless there is a showing of bad faith on the part of the debtor

-6-

or of prejudice to third parties. In re Arnold, 252 B.R. at 784. The bankruptcy court's determination of prejudice or bad faith is reviewed for clear error. Id. Clear error is found if the record is devoid of evidence to support a finding of fact or if the court is "left with the definite and firm conviction that a mistake" has been made. Green v. Savage (In re Greene), 583 F.3d 614, 618 (9th Cir. 2009).

**DISCUSSION**

A. Judicial Lien Avoidance under § 522(f)(1).

Section 522(b) allows a debtor to exempt: "(1) property under the federal exemptions contained in [s]ection 522(d), unless State law does not so authorize, or (2) property [] under State or local law, or other federal law." Higgins v. Household Fin. Corp. (In re Higgins), 201 B.R. 965, 966 (9th Cir. BAP 1996). In Washington, a debtor may select either the exemptions provided by Washington law or the federal exemption scheme under § 522(d). Sherman v. Carlson (In re Jeffries), 468 B.R. 373, 378 (9th Cir. BAP 2012). Under § 522(d), "[t]he following property may be exempted under subsection (b)(2) of this section: (1) The debtor's aggregate interest, not to exceed [$18,450][8] in value, in real property or personal property that the debtor . . . uses as a residence . . . ."

In pertinent part, § 522(f)(1) provides that a debtor "[m]ay

---

[8] Though it has since increased, this was the amount of the exemption provided by § 522(d)(1) in October 2004 when this case was filed, which is the appropriate amount to apply here. See Culver, LLC v. Chiu (In re Chiu), 266 B.R. 743, 751 (9th Cir. BAP 2001) aff'd, 304 F.3d 905 (9th Cir. 2002) (stating "[i]t is well-established that the nature and extent of exemptions is determined as of the date that the bankruptcy petition is filed.") (citing White v. Stump, 266 U.S. 310, 313 (1924)).

-7-

avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is — (A) a judicial lien . . . ." <u>See</u> <u>Owen v. Owen</u>, 500 U.S. 305, 309 (1991); <u>Farrey v. Sanderfoot</u>, 500 U.S. 291, 295 (1991).  Under § 101(36), a "judicial lien" includes one "obtained by judgment . . . ." <u>Yerrington v.</u> <u>Yerrington (In re Yerrington)</u>, 144 B.R. 96, 98-99 (9th Cir. BAP 1992).  Section 522(f)(2)(A) provides that, "[f]or the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of — (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property [—] exceeds the value that the debtor's interest in the property would have been in the absence of any liens."  This subsection of § 522(f) was added by the Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, 108 Stat. 4106, Sec. 702.  <u>See</u> <u>In re Higgins</u>, 201 B.R. at 967.

Rule 4003(d)[9] instructs that a request by a debtor to avoid a lien under § 522(f) "shall be made by motion in accordance with Rule 9014 . . . ."  However, the Rules establish no time limit or deadline for the filing of a lien avoidance motion.

---

[9]  The full text of Rule 4003(d) provides:

A proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014. Notwithstanding the provisions of subdivision (b), a creditor may object to a motion filed under § 522(f) by challenging the validity of the exemption asserted to be impaired by the lien.

-8-

Additionally, Rule 1009(a)[10] allows a debtor to amend the schedules and other filings, "as a matter of course at any time before the case is closed." In re Arnold, 252 B.R. at 784.

Interpreting § 522(f)(1), the Ninth Circuit has stated that "'a debtor may avoid a lien if three conditions are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an exemption to which the debtor would have been entitled; and (3) such lien is a judicial lien.'" Culver, LLC v. Chiu (In re Chiu), 304 F.3d 905, 908 (9th Cir. 2002) (quoting Estate of Catli v. Catli (In re Catli), 999 F.2d 1405, 1406 (9th Cir. 1993)); see also In re Kuiken, 484 B.R. at 769 (quoting this test). This Panel later summarized and restated the statutory requirements to avoid a lien:

> There are four basic elements of an avoidable lien under § 522(f)(1)(A): "First there must be an exemption to which the debtor 'would have been entitled under subsection (b) of this section.' 11 U.S.C. § 522(f). Second, the property must be listed on the debtor's schedules and claimed exempt. Third, the lien must impair that exemption. Fourth, the lien must be . . . a judicial lien."

Goswami v. MTC Distrib. (In re Goswami), 304 B.R. 386, 390-91 (9th Cir. BAP 2003) (quoting In re Mohring, 142 B.R. 389, 392 (Bankr. E.D. Cal. 1992) aff'd, 24 F.3d 247 (9th Cir. 1994)). In making

[10]   The full text of Rule 1009(a) provides:

General Right to Amend. A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court.

its ruling, the bankruptcy court relied upon In re Goswami and the test for lien avoidance explained in that decision. Because the standards for lien avoidance under § 522(f) in the Ninth Circuit case law do not materially differ from those stated by the Panel, we also rely upon In re Goswami for our analysis in this appeal.

As is appropriate under In re Goswami, the court on reconsideration determined that a lack of equity was not a bar to lien avoidance. But on reconsideration, the court declined to find error in its previous determination that prejudice existed as a result of the four-and-one-half year delay in seeking lien avoidance. As a result, the court concluded that Debtor failed to meet the second requirement under In re Goswami.

Creditor does not dispute that, but for the passage of time, Debtor would have been entitled to claim an exemption on her residence under § 522(d)(1). And but for her failure to timely claim the exemption, Creditor does not dispute that its judgment lien would impair Debtor's homestead, and as a result, be subject to avoidance.[11] Therefore, the sole issue to be resolved on appeal is whether Debtor's amendment to Schedule C to claim the exemption was effective to support a § 522(f) avoidance motion or, in other words, whether Debtor has satisfied the second element of the test

---

[11] Based upon the undisputed facts of this case, any claim by Creditor to the contrary would fail as a matter of law. The mathematical formula incorporated in §§ 522(f)(2)(A)(i) - (iii) yields this result: $20,072.98 (judicial lien) + $174,886 (other liens on the property) + $18,450 (exemption Debtor could claim if no liens were on the property) = $213,408.98. This amount exceeds the value of Debtor's interest in the property "in the absence of liens," determined by the bankruptcy court to be $158,400. Therefore, based on the statutory calculation, Creditor's judicial lien impairs Debtor's exemption on the residence, and it may be avoided in its entirety if the other requirements of § 522(f)(1) are met.

for judicial lien avoidance in In re Goswami.

## B. Debtor's Amended Schedule C.

The facts in In re Goswami are nearly identical to those in this appeal. In that case, the debtors filed a chapter 7 petition in 1998. 304 B.R. at 389. On Schedule A, the debtors listed their residential real property with a value of $60,000, subject to $70,000 in liens. Id. Debtors claimed no homestead exemption in this property. Id. One month before the bankruptcy filing, a creditor had obtained a judgment lien in the debtor's real property, although the debtors were unaware of this development. Id. The judgment creditor had been listed as an unsecured creditor on the debtors' Schedule F. Id. The trustee in the case found no assets to administer and the case was closed. Id. Five years after the bankruptcy case was closed, the debtors moved to reopen the case, and the motion was granted by the bankruptcy court. Id. The debtors filed amended Schedules, including an amended Schedule C claiming the property exempt as their homestead, together with a motion to avoid the judgment creditor's lien under § 522(f)(1)(A). Id. The motion was unopposed, but the bankruptcy court denied it because "[t]he [d]ebtors right to amend their exemptions under subsection 522(b) terminated upon the closure of the bankruptcy case. The relief which the [d]ebtors seek is not available for a scheduled asset which was not properly exempted before the case was closed." Id.

On appeal, the BAP reversed and remanded. Id. at 394. As here, the second element of the test for avoidance of the judicial lien under § 522(f) was at issue, that is, whether the property was listed on the debtors' schedules and claimed as exempt. Id.

-11-

at 390.  The Panel concluded the bankruptcy court erred and held that, "[i]n the absence of prejudice, [§ 522(f)(1)] lien avoidance actions are not barred either by entry of a discharge order or the closing of the bankruptcy case."  Id. at 392 (citing In re Ricks, 89 B.R. 73, 75 (9th Cir. BAP 1988)).  However, the Panel recognized, "there is no absolute right to amend schedules in bankruptcy cases . . . 'judge-made exceptions' bar amendment if the debtor has acted in bad faith or if prejudice would result."  Id. at 393 (quoting In re Arnold, 252 B.R. at 784).  With no finding by the bankruptcy court of bad faith or fraud, the Goswami panel concluded that the debtors had met the second element of the § 522(f) test and remanded to the bankruptcy court to determine whether the other elements of the § 522(f) test had been met.  Id. at 394.

In In re Arnold, the Panel addressed the concept of prejudice to creditors in the context of amendments to exemption claims. 252 B.R. at 787.  There, we explained that, as was true in In re Goswami, the mere passage of time will not prejudice a creditor; indeed, not even "inordinate delay," without more, amounts to prejudice.  Id.  Instead, in weighing the debtor's right to amend a schedule to claim an exemption, "[p]rejudice to creditors is clearly present where they suffer an actual economic loss due to a debtor's delay in claiming his exemption."  Id. Moreover, even if a creditor is harmed by the debtor's delay, "merely showing prejudice does not automatically trigger disallowance of an amendment: the court must balance the prejudice to the debtor of disallowing the exemption against the prejudice to third parties in allowing the exemption."  Id. at 785 (internal

-12-

quotation marks and citations omitted).

In this case, based on the record, no reason is apparent to deny Debtor's amendment to her Schedule C in the reopened case to claim an exemption on the residence for the purpose of avoiding Creditor's lien under § 522(f)(1). While it is undisputed that Debtor's effort to amend the exemption schedule and avoid Creditor's lien occurred over four years after the case was closed, no showing was made by Creditor that it had suffered any economic loss or harm as the result of this delay, nor was there a showing that Debtor had acted in bad faith. In the bankruptcy court's findings of fact and conclusions of law, entered after the initial hearing on Debtor's motion, the court stated, "[t]he length of time between the date of filing the bankruptcy petition and the date of lien avoidance prejudices the creditor . . . ." However, as noted above, there was nothing presented to the court to support such a finding, and we are inclined to believe that this provision in the order resulted from the imprecise drafting of the order by the parties. Indeed, the existence of any prejudice to Creditor was not discussed at either the initial lien avoidance motion hearing nor at the hearing on Debtor's motion for reconsideration.

Because the bankruptcy court's determination that Creditor had been prejudiced was made without any evidence to support it and, as stated above, the Creditor never argued it was prejudiced, this determination by the bankruptcy court was clearly erroneous. We therefore, reverse the bankruptcy court's holding in that regard.

-13-

C. Debtor's De Minimis Claim of Exemption.

Creditor made one other argument to the bankruptcy court and in its brief on appeal deserving comment. It contends that Debtor's amended Schedule C effectively claimed no exemption at all because Debtor listed the value of the claimed exemption at "$0.00." Creditor cites to In re Berryhill, 254 B.R. 242, 244 (Bankr. N.D. Ind. 2000) for this proposition.

In In re Goswami, the Panel noted that "[a]voidance of a judicial lien may be allowed even if the claimed exemption amount is de minimis." 304 B.R. at 390 n.4 (citing In re Higgins, 201 B.R. at 965). Creditor, however, points out that In re Higgins involved a claim of an exemption by the debtor of "$1.00" and thus the case at bar is distinguishable. In re Higgins, 201 B.R. at 966.

We disagree that this difference is significant. Creditor's argument is, effectively, a variation on its contention that a debtor must have some equity in her property in order to avoid a judgment lien under § 522(f)(1), a result disallowed when the Code was amended by Congress in 1994. The argument also contradicts the principles announced by the Panel in In re Goswami and In re Higgins. Further, even if we accept Creditor's argument, there is nothing that would prevent Debtor from simply filing another amendment to her Schedule C. To require an amendment in this respect would serve no purpose, and we decline to do so, notwithstanding any contrary authority cited by Creditor.

**CONCLUSION**

We REVERSE the bankruptcy court's order denying Debtor's motion to avoid Creditor's judicial lien. The bankruptcy court

-14-

erred when it found that Creditor was prejudiced by Debtor's delay in claiming the exemption and acting to avoid Creditor's lien. In the absence of any evidence of such prejudice, it was error for the bankruptcy court to deny Debtor's motion. Moreover, because the remaining requirements of a § 522(f)(1)(A) have been satisfied, no issue remains to be resolved in order to avoid Creditor's lien. We therefore REMAND this matter to the bankruptcy court with instructions to enter an order granting Debtor's motion and avoiding Creditor's judicial lien in its entirety.