In re Paul GIBBONS, f/k/a Gibbons Construction, and Robin Gibbons, f/k/a Next Generation Living, Debtors.

Paul GIBBONS and Robin Gibbons, Plaintiffs,

v.

OPECHEE DISTRIBUTORS, INC., Bank of New Hampshire, successor to The Suncook Bank, Farmington National Bank, First N.H. Bank, N.A., and Sears, Roebuck & Co., Defendants.

Bankruptcy No. 91–13761.
Adv. No. 92–1147.

United States Bankruptcy Court,
D. New Hampshire.

Aug. 25, 1993.

Robert M. Koch, Concord, NH, for debtors.

Alvin Nix, Laconia, NH, for Opechee Distributors, Inc.

Richard R. Peppe, Pembroke, NH, for Suncook Bank.

Carl W. Potvin, Rochester, NH, for Farmington Nat. Bank.

Lawrence Sumski, Amherst, NH, Trustee.

## ORDER

JAMES E. YACOS, Bankruptcy Judge.

This adversary proceeding came on for a continued pretrial hearing before the Court on August 20, 1993 on a Complaint to Determine Lien, and for a continued hearing on a Motion to Dismiss filed by defendant Farmington National Bank.[1]

The issue presented by the motion to dismiss is whether the decision of the United States Supreme Court in *Dewsnup v. Timm,* — U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903, 25 C.B.C.2d 1297 (1992), prohibits "lien stripping" in a Chapter 13 case.

Farmington National Bank and Opechee Distributors, Inc. are secured creditors of certain real property assets of this debtor and have asserted that the Complaint filed by the debtor must fail because in chapter 13 there is no power to bifurcate their mortgages into secured and unsecured portions based on market value. The Supreme Court, in *Dewsnup v. Timm,* — U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903, 25 C.B.C.2d 1297 (1992), has held that in a chapter 7 proceeding, notwithstanding the bifurcation language of sections 506(a) and (d) of the Bankruptcy Code, a debtor cannot bifurcate secured claims and in effect "strip down" liens. In other words, liens go through a chapter 7 liquidation bankruptcy proceeding untouched, notwithstanding the general language of 11 U.S.C. § 506 that would otherwise permit bifurcation of such claims.

In *Nobelman v. American Savings Bank, et al.,* 508 U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), the Supreme Court ruled that, in chapter 13 proceedings, section

---

1. Defendant Opechee Distributors, Inc. has apparently joined in the motion to dismiss in that it filed a memorandum of law supporting same. Defendant Bank of New Hampshire, successor to The Suncook Bank, has also requested dismissal of this Complaint by way of an affirmative defense set forth in its Answer, however it did not file a memorandum of law or otherwise specifically join in the motion to dismiss filed by Farmington Bank..

1322(b)(2) prohibits bifurcation with regard to secured claimants who have collateral rights only in the principal residence of the debtor, and that this specific prohibition overrides the general provisions of 11 U.S.C. § 506 which would otherwise permit bifurcation.[2]

The debtor here argues that sections 506(a) and (d) are of general application and apply to other chapters unless there is some specific overriding special provision, as was true in the *Nobelman* case, and that in this case there is no such specific overriding provisions, because in this case the secured creditors cannot avail themselves of the section 1322(b)(2) prohibition because they have other collateral in addition to the residential property.

The debtor relies specifically on the general language of section 1322(b)(2), which permits the modification of the rights of holders of secured claims (other than the prohibited class which is not applicable), and also upon the provisions of section 1325(a)(5), which concerns the treatment of each "allowed secured claim" provided for in the plan. The debtor maintains that these two sections directly incorporate the bifurcation power under section 506(d) of the Bankruptcy Code.

The secured creditors argue to the contrary that "the power to modify" in the chapter 13 provision should not be read to include the power to avoid or destroy their secured claims. They have not made any particular argument in response to the section 1325(a)(5) contention.

On balance, and recognizing that the construction of these statutes has been somewhat confusing, it does appear to me that the Supreme Court would not have reached the issue in *Nobelman* had it believed that there was no power to bifurcate in chapter 13. As Judge Scholl noted in a recent decision, *In re Hirsch*, 155 B.R. 688, 24 B.C.D. 638 (Bankr. E.D.Pa.1993):

[I]t is important to emphasize what *Nobelman* did not decide. Firstly, the Court did not rely on the reasoning employed in the context of a Chapter 7 case in *Dewsnup v. Timm*, —— U.S. —— [———————], 112 S.Ct. 773, 778–79, 116 L.Ed.2d 903 (1992). It did not hold that a "strip down" of a mortgagee's lien was not permissible in a Chapter 13 case. Thus, as was portended in *Sapos [v. Provident Inst. of Sav. in Town of Boston]*, *supra*, 967 F.2d [918] at 924–25 [(3rd Cir.1992)]; and *In re Taras*, 136 B.R. 941, 949–50 (Bankr.E.D.Pa.1992), the Court did not hold that the reasoning of *Dewsnup* applied to a Chapter 13 (or a Chapter 11) case. If the Court had so reasoned, it would have been unnecessary for it to reach the issue of the impact of § 1322(b)(2) upon "lien stripping." However, *Dewsnup* is not even cited in the brief *Nobelman* opinion.

*Id.* 155 B.R. at 689–690.

In my view the *Dewsnup* decision was informed largely by the unbroken decades under the prior Bankruptcy Act of almost a hundred years of settled law, that chapter 7 straight bankruptcies did not affect liens and there was no such thing as lien stripping in a chapter 7 proceeding. The Court reacted to that legislative history and indicated that had Congress intended a very major change in bankruptcy law, then the Court would expect some indication of same in the legislative history, if not in the language of the statute. *Dewsnup v. Timm*, —— U.S. at ——, 112 S.Ct. at 779.

There is no such unbroken history with regard to chapter 13 under the new Bankruptcy Code. For one thing, the new Bankruptcy Code, unlike chapter XIII of the prior Bankruptcy Act, has specific provisions dealing with secured creditors in a chapter 13 proceeding, and that I believe undercuts one of the major rationales for the *Dewsnup* decision in chapter 7.[3] Again, as I indicated above, *Nobelman* itself implies there is such a power in chapter 13.

---

**2.** It is of some note that every time the Supreme Court has reached a bifurcation issue outside of chapter 11 it has found one way or another to rule that you cannot have bifurcation in the chapter proceeding involved.

**3.** Section 606(1) of the Bankruptcy Act defined "claims" subject to chapter XIII to exclude "claims secured by estates in real property or chattels real" and therefore a chapter XIII plan could not modify such claims. 10 *Collier on Bankruptcy*, 14th Edition, § 22.02.

Therefore, this Court will conclude that bifurcation of secured claims can occur in chapter 13 with regard to claims secured by real property interests unless they come within the specific prohibition of section 1322(b)(2). This extends the decision I reached in *In re Phillips,* 142 B.R. 15 (Bankr.D.N.H.1992), which involved personal property and which was decided before the *Dewsnup* case. However, for the reasons indicated, I believe that, notwithstanding the intervening Supreme Court decisions, the bifurcation power should be found to exist in chapter 13, regarding both personal property and secured property liens.

In accordance with the foregoing and all parties having been heard, the Court hereby orders as follows:

1. The Court's findings of fact and rulings of law made at the conclusion of the August 20, 1993 hearing, and more fully detailed above, are incorporated herein by reference.

2. The Motion to Dismiss filed by defendant Farmington National Bank is denied.

3. This adversary proceeding is set for further consideration as more specifically detailed in the Pretrial Order entered contemporaneously herewith.