# CIRCUIT COURT OF FAIRFAX COUNTY

Jacqueline S. Kittle

v.

Craig A. Buxton

April 20, 2001

Case No. (Law) 182517

BY JUDGE R. TERRENCE NEY

This matter comes before the Court on Defendant's Motion for Partial Summary Judgment and Motion *in Limine*.

The basis for each Motion is essentially the same, namely that subsequent to the automobile accident which gives rise to this lawsuit, the Plaintiff filed a Chapter 7 Petition in Bankruptcy. This inchoate claim was obviously in existence at the time of the bankruptcy filing and indeed the medical bills incurred allegedly as a result of the accident were listed as debts of the estate. For some reason, the claim itself was not listed as an asset of the estate. Those bills were discharged with the bankruptcy just after this suit was filed. The Discharge in Bankruptcy Order was dated September 3, 1999.

The Motion for Partial Summary Judgment asserts that the plaintiff lacks standing to bring this action as only the trustee of the Plaintiff's bankrupt estate may do so. Of course, the Plaintiff may bring the claim in her own right if the trustee in bankruptcy abandoned it. Obviously, that could not have occurred here because the trustee was not aware of the claim because it was not listed on the Plaintiff's schedules in bankruptcy. The Defendant is correct.

The debtor's claim for injuries to the person, whether unliquidated as when the petition was filed . . . are . . . property of the bankrupt estate as of the commencement of the case.

*Tignor v. Parkinson,* 729 F.2d 977, 981 (4th Cir. 1984); accord, *Field v. Transcontinental Ins. Co.,* 219 B.R. 115 (E.D. Va. 1998).

When the Plaintiff filed for bankruptcy protection, she transferred all of her assets and liabilities to her trustee in bankruptcy. Those assets included this claim, the cause of action, for personal injuries. Only her trustee could then, or now, assert this claim on her behalf.

The Motion for Summary Judgment is granted.

The grant of the Motion for Partial Summary Judgment, though styled "partial" by the Defendant, is dispositive of all matters in this case. The grant of summary judgment renders it unnecessary for the Court to address the Motion in *Limine.*