**Pierre Richard AUGUSTIN, Plaintiff,**

**v.**

**DANVERS BANK, et al, Defendants.**

**Civil Action No. 06–10368–NMG.**

United States District Court,
D. Massachusetts.

March 28, 2007.

David J. Gallagher, Regnante, Sterio & Osborne, John Connolly, Jr., Law Offices of John Connolly, Jr., Kevin P. Geaney, Connolly Law Offices, LLC, Wakefield, MA, Andrew C. Glass, R. Bruce Allensworth, Sarah C. Kellogg, Kirkpatrick & Lockhart Preston Gates Ellis LLP, Ronald S. Allen, Diane M. Saunders, Laura M. Raisty, Morgan, Brown & Joy LLP, Boston, MA, Alan H. Segal, Law Office of Alan H. Segal, Needham, MA, David M. Rosen, Harmon Law Offices, P.C., Newton, MA, Charles A. Lovell, Partridge, Snow & Hahn LLP, Providence, RI, Edward A. Gottlieb, Law Offices of Edward A. Gottlieb, Brighton, MA, for Defendants.

Samuel P. Reef, Law Offices of Samuel P. Reef, Brockton, MA, Pro se.

### MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiff Pierre R. Augustin ("Augustin"), proceeding *pro se*, brings this suit

against numerous mortgage lenders, title insurance companies and real estate closing attorneys alleging violations of federal statutes for concealing the nature of the loan terms and for discrimination on the basis of his race, national origin and gender. The defendants are: 1) Danvers-Bank, 2) Ameriquest Mortgage ("Ameriquest"), 3) Global Consultants Direct ("Global"), 4) Alan Segal, Esq. ("Attorney Segal"), 5) Old Republic National Insurance ("Old Republic"), 6) New Century Mortgage Corporation ("New Century"), 7) Allied Home Mortgage Capital ("Allied Home"), 8) Samuel P. Reef, Esq. ("Attorney Reef"), 9) Land America Commonwealth ("Commonwealth") and 10) Chase Home Finance ("Chase"). Currently pending before the Court are motions to dismiss the amended complaint filed by eight of the ten defendants.

## I. Procedural Background

The Court referred all eight motions to United States Magistrate Judge Leo T. Sorokin. On February 13, 2007, Magistrate Judge Sorokin returned a report and recommendation ("R & R") that the motions of all the defendants except Danvers-Bank be allowed. Both the plaintiff and DanversBank filed timely objections to the R & R. Although DanversBank had originally sought dismissal on *res judicata* grounds, its objection asks that the complaint be dismissed for lack of standing, the reason given for the recommended dismissal of several of its co-defendants. In his objection to the R & R, the plaintiff disputes the Magistrate Judge's ruling with respect to standing and claims that he has standing to proceed as a result of an exemption pursuant to 11 U.S.C. § 522(b).

On March 5, 2007, upon finding that there was no discussion in any of the pleadings about whether this alleged exemption conferred standing upon the plaintiff, the Court invited the parties to submit memoranda on the issue. After reviewing the R & R, the various objections thereto, responses to those objections and the memoranda submitted on the exemption issue, the Court will allow all of the motions to dismiss.

Because the facts set forth in the R & R are undisputed, this Court accepts and adopts them by this reference.

## II. Motions to Dismiss

### A. Identification of Defendant

As an initial matter, there is a question regarding the identification of one of the defendants, "Land America Commonwealth". On May 3, 2006, that defendant filed a memorandum in support of its motion to dismiss contending, *inter alia*, that there is no entity known as "Land America Commonwealth" and that the proper party in interest is "Commonwealth Land Title Insurance Corporation". Pursuant to Fed. R.Civ.P. 9(a), the defendant moves to dismiss the claims against "Land America Commonwealth" and substitute "Commonwealth Land Title Insurance" as the proper defendant. The plaintiff has filed no objection and the motion is hereby allowed and all references to "Land America Commonwealth" are understood to refer to "Commonwealth Land Title Insurance".

### B. Notice and Service Problems

■ The Magistrate Judge, in addition to recommending that the complaint against Allied Home be dismissed for lack of standing, recommends that the complaint be dismissed because there are no specific allegations pertaining to Allied Home. Except for being named in the caption and under a list of defendants to whom Claim II allegedly applies, Allied Home appears nowhere in the complaint and thus Augustin fails to meet the requirement of Fed.R.Civ.P. 8(a) to provide

"fair notice of what the plaintiff's claim is and the grounds upon which it rests." The Court agrees with the Magistrate Judge that the complaint fails to allege facts in support of plaintiff's claim and, therefore, will accept and adopt the recommendation to allow the motion to dismiss the claim against Allied Home.

In his R & R, the Magistrate Judge also recommends that the complaint be dismissed against defendants Ameriquest and Attorney Segal for failure to serve process in a timely manner. Plaintiff objects to that recommendation.

■ There is no dispute that Augustin failed to serve defendants Ameriquest and Attorney Segal within the 120 days provided by the federal rules or to show good cause within 10 days for that failure. It was not until July 26, 2006, nearly 5 months after the filing of the complaint, that Augustin finally filed a motion to extend the deadline for service. That motion was not only untimely but also unaccompanied by an affidavit required by Local Rule 4.1(b). In his objection, Augustin does not deny those failings but rather contends that the blame for his failure to serve the defendants rests with shortcomings in the offices of the United States Marshal and the Clerk.

The Court is unimpressed. As the Magistrate Judge stated in his R & R, this Court has specifically warned the plaintiff that he would be held accountable for ensuring proper service. The Court declines to afford the plaintiff further leniency and, therefore, the motions to dismiss of defendants Ameriquest and Attorney Segal will be allowed.

### C. Plaintiff's Standing

The central and dispositive issue in this case is whether Augustin has standing to litigate the claims against the defendants. In his R & R, Magistrate Judge Sorokin recommends that the motions to dismiss of defendants Commonwealth, Chase, New Century, Allied Home and Old Republic be allowed for lack of standing. Danvers-Bank, in its objection to the R & R contends that the Court should also dismiss the claims against it because the plaintiff lacks standing "to bring any of the claims asserted in the Amended Complaint against any of the defendants." Not surprisingly, the plaintiff vigorously objects.

■ The Magistrate Judge's recommendation that the complaint be dismissed against five of the named defendants for lack of standing leads this Court to question whether the plaintiff has standing to proceed with this case at all. The appropriateness of the Court's attention to this issue cannot be disputed. As a jurisdictional requirement, standing can be raised by the court *sua sponte* at any time during litigation. *See* Fed.R.Civ.P. 12(h)(3). Standing is clearly a "threshold question in every federal case, determining the power of the court to entertain the suit." *New Hampshire Right to Life Political Action Committee v. Gardner*, 99 F.3d 8, 12 (1st Cir.1996)(quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). If the plaintiff lacks standing to bring this suit, then the Court lacks jurisdiction to decide it upon the merits. *United States v. AVX Corp.*, 962 F.2d 108, 113 (1st Cir.1992).

■ Generally, a plaintiff has standing to assert a claim if he can show that 1) he personally suffered some actual or threatened injury as a result of the challenged conduct, 2) the injury is fairly traceable to that alleged conduct, and 3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision of the court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992);

*Gardner,* 99 F.3d at 14. The burden of proving standing rests on the party seeking to invoke the federal court's jurisdiction and remains on that party throughout the litigation. *Benjamin v. Aroostook Medical Center, Inc.,* 57 F.3d 101, 104 (1st Cir.1995)(citing *Warth,* 422 U.S. at 518, 95 S.Ct. 2197). In this case, plaintiff Augustin bears that burden.

Upon filing for bankruptcy protection, "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). Thus, when Augustin filed for protection under Chapter 7 of the Bankruptcy Code on September 26, 2005, he surrendered those existing legal and equitable interests in property to his bankruptcy estate. Therefore, the issues before this Court are whether the plaintiff's causes of action in this case have been surrendered to the bankruptcy estate and, if so, whether 1) the claims are subject to a statutory exemption from the estate or 2) the bankruptcy trustee has abandoned them.

### 1. Plaintiff's Causes of Action

The First Circuit Court of Appeals has held that upon a filing for bankruptcy under Chapter 7, the trustee "steps into the shoes of the debtor for the purposes of asserting or maintaining the debtor's causes of action." *DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co.,* 448 F.3d 460, 464 (1st Cir. 2006) (quoting *In re Rare Coin Galleries, Inc.,* 862 F.2d 896, 901 (1st Cir.1988)). Courts have held that the definition of "property" as used in § 541(a)(1) extends to causes of actions such as present in this case. *See, e.g., In re Smith,* 640 F.2d 888, 890 (7th Cir.1981)(holding that there is "no question ... that the estate includes causes of action such as the truth in lending claims")(citing cases).

Thus, this Court must first determine whether the plaintiff's alleged claims existed when Augustin filed his petition for bankruptcy. *See generally* 5 COLLIER ON BANKRUPTCY § 541.08 (15th ed. rev. 2005)("causes of action belonging to the debtor at the time the case is commenced" are included in the bankruptcy estate); *see also In re Tomaiolo,* No. 90–40350, 2002 WL 226133, at *3 (D.Mass. Feb. 6, 2002)(finding that a malpractice claim was "sufficiently rooted in the pre-bankruptcy past" to be estate property even if the cause had not "accrued" under Massachusetts law at the time of the filing)(quoting *Segal v. Rochelle,* 382 U.S. 375, 380, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966)).

Filing as a *pro se* litigant, Augustin's amended complaint is unorthodox to say the least. At best, the Court gleans from the amended complaint three separate claims against various named defendants:

1) Claim I alleges that DanversBank, by moving to foreclose on his property, violated, *inter alia,* the Fair Debt Collection Practices Act, the Home Ownership and Equity Protection Act ("HOEPA"), the Uniform Commercial Code § 2, the Equal Credit Opportunity Act ("ECOA") and the Fair Housing Act ("FHA") and that it intentionally inflicted upon him emotional distress;

2) Claim II alleges that Ameriquest, New Century, Chase, Global and Allied Home breached their (collective) contract with the plaintiff and violated, *inter alia,* HOEPA, the Real Estate Settlement Procedures Act, the ECOA, the discrimination provisions in the FHA, the Truth in Lending Act ("TILA") and Mass.Gen.Laws ch. 93A; and

3) Claim III alleges that Commonwealth, Old Republic and certain "Lawyers" acted in bad faith, were negligent and conspired against him.

Accompanying those obscure allegations are statements that the Court construes as factual allegations.

■ Taking plaintiff's allegations in the light most favorable to him and giving him the benefit of all reasonable inferences, the alleged conduct giving rise to his complaint involves actions prior to his filing for bankruptcy on September 26, 2005. Although Claim I appears to allege violations based on the defendant's motion for relief from the automatic stay in order to foreclose on the property, filed on November 18, 2005, the specific allegations in the complaint clearly indicate that all of those claims (fraud, bad faith, unconscionability, etc.) arise from alleged conduct by Danvers-Bank prior to the plaintiff's filing for bankruptcy. The plaintiff himself states in the complaint that the alleged wrongful conduct by DanversBank gave him "no option but to invoke default remedies by filing for chapter 7 bankruptcy."

The Court finds, therefore, that all of Augustin's legal claims became property of the bankruptcy estate at the time he filed his Chapter 7 petition.

### 2. No Applicable Exemptions/No Abandonment of Claims

Because all of Augustin's legal claims became part of the bankruptcy estate, only the trustee in bankruptcy has the authority to file a suit with respect to a pre-petition cause of action. *See Feinman v. Lombardo*, 214 B.R. 260, 265 (D.Mass. 1997). On September 27, 2005, Jonathan R. Goldsmith accepted the appointment as Chapter 7 Trustee in Augustin's bankruptcy. As the debtor, Augustin has no standing to bring the subject legal claims unless he can show that they were: 1) exempt from the bankruptcy estate or 2) abandoned by the bankruptcy trustee. If neither exception applies, the claims belong to the estate and must be asserted by the trustee, not the debtor.

■ First, with respect to the abandonment of claims, the Magistrate Judge properly concluded that the trustee had not abandoned any of the property of the estate. The relevant statute states that:

> After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate ... Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administrated in the case remains property of the estate.

11 U.S.C. § 554(a),(d). After reviewing the record and the submissions of the parties, the Court is unaware of any acts of abandonment by the trustee or relevant court orders.

■ Second, Augustin's objection to the R & R and the subject of this Court's invitation for further memoranda both focus on whether Augustin properly exempted any of his legal claims from the bankruptcy estate. After careful review of the resulting edification, the Court concludes that plaintiff's legal claims were not exempted from the bankruptcy estate.

Augustin contends that those legal claims reverted to his ownership because: 1) he properly exempted certain of his real property and legal claims pursuant to 11 U.S.C. § 522(b) and 2) the trustee and the defendants failed to object to his claim of exemption. The Court finds those assertions lacking as a matter of law.

First, the provision under which Augustin asserts that he is entitled to an exemption does not apply to his legal claims. In his amended Schedule C (Property Claimed as Exempt), Augustin lists his various legal claims as exempt pursuant to

11 U.S.C. § 522(d)(1). That section of the Bankruptcy Code permits exemption of:

The debtor's aggregate interest, not to exceed $18,450 in value in real property or personal property that the debtor or a dependent of the debtor uses as a residence . . .

11 U.S.C. § 522(d)(1). No part of that or any other statutory provision recognizes an exemption of the kind of legal claims at issue here. Furthermore, even if those legal claims were to fall within the "personal property" exemption, this Court's review of the Bankruptcy Court proceedings indicates that, contrary to the plaintiff's assertions, the amended Schedule C was objected to by the trustee and ultimately rejected by the bankruptcy judge on November 9, 2006.

The Court concludes that the legal claims at issue were neither abandoned nor statutorily exempted and, therefore, remained property of the estate on March 8, 2006 when the plaintiff filed his amended complaint. For those reasons, the plaintiff lacks standing to assert any of the alleged legal claims because they belong to the bankruptcy estate and he has failed to demonstrate that they are exempt or have been abandoned by the trustee.

### ORDER

For the foregoing reasons, the Court 1) **ACCEPTS** and **ADOPTS** the Report and Recommendation to **ALLOW** the motions to dismiss of defendants Commonwealth Land Title Insurance Corporation (Docket No. 12), Chase Home Finance (Docket No. 42), New Century Mortgage Corporation (Docket No. 29), Allied Home Mortgage Capital (Docket No. 36), Old Republic National Insurance (Docket No. 39), Ameriquest Mortgage (Docket No. 61) and Alan Segal, Esq. (Docket No. 74) and 2) rejects the recommendation of the Magistrate Judge to deny DanversBank's motion to dismiss (Docket No. 23), which is, instead, **ALLOWED.**

**So ordered.**