# CIRCUIT COURT OF THE CITY OF ROANOKE

Angela Thompson Boscan,
f/k/a Angela A. Thompson

v.

Whitney Allison Yates

September 24, 2007

Case No. CL06000793-00

BY JUDGE JONATHAN M. APGAR

In this personal injury action, the defendant, Whitney Allison Yates, has moved for summary judgment by challenging the plaintiff's standing to bring this suit. The plaintiff, Angela Thompson Boscan, filed a Chapter 7 bankruptcy petition after the accident upon which this suit is based, before this suit was filed on April 25, 2006. The petition did not list Boscan's unliquidated damage personal injury claim against Yates in the plaintiff's schedule of property. After Boscan had been granted a discharge and upon discovering this omission, Yates challenged the plaintiff's standing in her Motion for Summary Judgment. This Court, then allowed Boscan a period of 120 days to take such action as she deemed prudent. The plaintiff reopened her bankruptcy case and amended her petition to schedule the right of action and claim an exemption for it. Yates argues that, as the right belonged to the trustee in bankruptcy at the time this suit was filed, Boscan had no standing to sue the defendant. Boscan argues that she has cured any jurisdictional defects and that her reacquired standing to sue applies retroactively.

The Court has considered the arguments made at the motions hearing on July 27, 2007, and the submissions of counsel. For the reasons stated below, the defendant's Motion for Summary Judgment is denied.

## Procedural Background

The facts relevant to this discussion are not substantially in dispute. The plaintiff and defendant were involved in an automobile accident on October 19, 2004. On February 4, 2005, Boscan filed a personal bankruptcy petition under Chapter 7 of the Bankruptcy Code. In her petition, Boscan failed to list as an asset any right of action against the defendant. The plaintiff was discharged in bankruptcy on May 3, 2005. On April 25, 2006, Boscan filed this personal injury action against Yates.

Yates filed a Motion for Summary Judgment on October 24, 2006. In her Motion, Yates argued that Boscan lacked standing to bring suit against her. The defendant noted the plaintiff's failure to list her right of action in the 2005 bankruptcy petition. As a result of this, the defendant argued, the right of action still belongs to the trustee in bankruptcy, and not the plaintiff. Arguments were heard on the Motion, and, on January 29, 2007, this Court entered an order granting the plaintiff's motion to stay the proceedings for 120 days to attempt to "take such action as the plaintiff deems appropriate with regard to her previous bankruptcy filing . . ." and the defendant's Motion for Summary Judgment was taken under advisement.

On May 22, 2007, Boscan's counsel informed the court that she had successfully reopened her bankruptcy case and amended her petition to list the right of action against Yates and claimed an exemption for it. According to the plaintiff, the trustee in bankruptcy issued a "no asset report" and the case again closed on May 15, 2007. The parties re-argued the defendant's Motion before this Court on July 27, 2007.

## Analysis

### I. The Law of Bankruptcy

Under the Bankruptcy Code ("the Code"), the filing of a bankruptcy petition creates an estate comprised of "all legal or equitable interests" of the debtor. 11 U.S.C. § 541(a)(1). "The scope of section 541 is broad and includes intangible property such as a cause of action." *In re Wilson*, 94 B.R. 886, 888 (Bankr. E.D. Va. 1989) (citations removed). At the time of filing, the trustee in bankruptcy "succeeds to the interests which the debtor had at the time of his filing." *Id.* (citing 11 U.S.C. §§ 541, 542).

As property of an estate in bankruptcy, rights of action may be exempted by the debtor where applicable. 5 *Collier on Bankruptcy* § 541.08. Exemption of a right of action, like abandonment, restores the right to the

debtor for purposes of jurisdiction. *See Augustin v. Danvers Bank*, 486 F. Supp. 2d 99, 104 (D. Mass. 2007) (stating that the plaintiff in federal court has no standing to bring pre-petition causes of action unless "they were: (1) exempt from the bankruptcy estate or (2) abandoned by the bankruptcy trustee. If neither exception applies, the claims belong to the estate and must be asserted by the trustee, not the debtor.").

A trustee is not required to accept all property, however, and may abandon property that is "burdensome" or "of inconsequential value and benefit." *See* 11 U.S.C. § 554. Under the Code, the trustee may abandon property through a formal hearing with proper notice to all affected parties, or more passively, by refusing or otherwise neglecting to administer property that has been scheduled in the petition. *See id.* Abandoned property reverts back to the debtor as if the debtor had continuously possessed it. *See In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990) (aff'd by *Dewsnup v. Timm*, 502 U.S. 410, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992); superseded by statute on other grounds as stated in *Gibbons v. Opechee Distribs. (In re Gibbons)*, 164 B.R. 717 (D. N.H. 1993)). Property that has not been scheduled and has not been otherwise abandoned by the trustee remains property of the estate. *See id.* § 554(d).

Bankruptcy Rule 1009(a) liberally allows a debtor to amend the petition while the case is open. Bankr. R. 1009(a). However, even if the case is closed, amendments may be made if the case is reopened. *Towers v. Boyd (In re Boyd)*, 243 B.R. 756 (N.D. Cal. 2000); *Goswami v. MTC Dist. (In re Goswami)*, 304 B.R. 386 (9th Cir. 2003). Amendments to exemption claims are even allowed after the debtor has been discharged in bankruptcy. See, e.g., *Martinson v. Michael, (In re Michael)*, 163 F.3d 526 (9th Cir. 1998); *In re Gadsby*, 10 B.R. 199 (D. Mass. 1981).

## II. *The Law of Standing in Virginia*

"[W]hen a party without standing brings a legal action, the action so instituted is, in effect, a legal nullity." *Harmon v. Sadjadi*, 273 Va. 184, 639 S.E.2d 294, 299 (2007). An initial motion for judgment filed by a party who lacks standing does nothing to toll the statute of limitations. *See id.* In *Harmon*, the Virginia Supreme Court was confronted with a wrongful death suit. Dorothy Harmon, the surviving spouse of the decedent, originally sued the defendant but was forced to suffer a nonsuit in the first case. Although she was qualified as her late husband's personal representative in West Virginia, she was not qualified as such in Virginia and thus lacked proper standing to sue. After she subsequently became qualified in Virginia, she reasserted her

claim and alleged the benefit of the first filing for purposes of the statute of limitations. The trial court, relying on *McDaniel v. North Carolina Pulp Co.*, 198 Va. 612, 95 S.E.2d 201 (1956), and *Fowler v. Winchester Med. Ctr.*, 266 Va. 131, 580 S.E.2d 816 (2003), ruled that the date of her qualification in West Virginia determined her right to sue in Virginia. However, the trial court determined that her qualification in that state had terminated before the filing of the first suit in Virginia. The court ruled, therefore, that she had neither the standing to sue in the first suit nor was she a real party in interest for purposes of tolling the statute of limitations for the second suit.

The Supreme Court of Virginia reversed the trial court's ruling of law. In doing so, the Court re-examined its jurisprudence on standing and explicitly overruled its prior decision in *McDaniel*. It first noted that the court has "confirmed on many occasions since *McDaniel* that no legal effect is accorded an action filed by a party without standing." *Id.* at 300 (citing, e.g., *Braddock, L.C. v. Board of Supervisors*, 268 Va. 420, 425-26, 601 S.E.2d 552, 554-55 (2004); *Cook v. Radford Community Hosp.*, 260 Va. 443, 451, 536 S.E.2d 906, 910 (2000); *Wells v. Lorcom House Condominiums' Council of Co-Owners*, 237 Va. 247, 253-54, 377 S.E.2d 381, 385 (1989) ("[T]he substance of the effort to file the amended motion was to substitute new parties plaintiff, who would have standing to maintain the action, in lieu of a plaintiff [who] lacked standing. Such a substitution amounts to the assertion of a new cause of action and an order permitting such substitution constitutes reversible error.")).

The court discussed *McDaniel*, where it had previously allowed a personal representative without standing in her first case to reassert the case once she had acquired standing because she had been qualified as a personal representative in another state at the time. *Harmon*, 639 S.E.2d at 301. This, the court wrote in *Harmon*, was an incorrect application of law on its part. "We can discern no basis," the court wrote, "to carve out an exception to our otherwise clear precedent that lack of standing causes a party's legal proceeding to be of no legal effect." *Id.* The court held that Harmon's first action had no legal effect, regardless of whether or not she was qualified in West Virginia. The court nevertheless held that Harmon's second suit came within the applicable statute of limitations, because the limitations period did not begin to run until the plaintiff's qualification in Virginia. *See Harmon*, 639 S.E.2d at 302 (finding that the plaintiff's suit was filed within the one year limitations period after her qualification as personal representative of the decedent's estate in Virginia).

### III. *Application of State and Federal Law*

State law is preempted by federal bankruptcy law to the extent that they are in conflict. *Perez v. Campbell*, 402 U.S. 637, 645, 91 S. Ct. 1704, 29 L. Ed. 2d 233 (1971). "Congress has placed bankruptcy matters exclusively within the jurisdiction of the federal district courts of the United States." *Reyes v. FCC Nat'l Bank (In re Reyes)*, 238 B.R. 507, 521 (Bankr. D. R.I. 1999) (citing 28 U.S.C. § 1334(a)). As noted in *Reyes*, the Ninth Circuit has found that "the adjustment of rights and duties within the bankruptcy process itself is uniquely and exclusively federal." "It is very unlikely that Congress intended to permit the superimposition of state remedies on the many activities that might be undertaken in the management of the bankruptcy process." *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 914 (9th Cir. 1996) (*cited in Reyes*, 238 B.R. at 521).

No decision in Virginia could be found that addresses the precise issue in question here. In *Kittle v. Buxton*, 55 Va. Cir. 189 (Fairfax 2001), the closest analogue, the plaintiff in a personal injury suit did not claim her existing right of action in her Chapter 7 bankruptcy petition. On the defendant's motions challenging standing, the court there ruled that the right of action belonged to the trustee in bankruptcy and thus the plaintiff could not sue in her own right. *Id.* at 189-90. This short opinion did not address the present issue, however, as to whether a subsequent reacquisition of a right of action from a bankruptcy estate restores the right to sue retroactively for purposes of standing in this Court.

The Indiana Court of Appeals has held that, as a state court, it could not deny standing to a plaintiff when doing so would be in conflict with a bankruptcy court's ruling. The plaintiff in *Shewmaker v. Etter*, 644 N.E.2d 922 (Ind. App. 1994), Steve Shewmaker, was involved in a motorcycle accident on Gerald Etter's property in 1990. Subsequently, he filed a Chapter 7 bankruptcy petition seeking relief from his medical bills. He did not list a right of action against Etter in his petition. The bankruptcy court awarded Shewmaker a discharge in early 1991. Later that year, Shewmaker filed an action against Etter to recover for his personal injuries as a result of the accident. The defendant moved for summary judgment, arguing that the bankruptcy discharge deprived Shewmaker of the right to sue. The plaintiff then successfully reopened his bankruptcy proceedings. At that time, it was determined that Shewmaker never had any creditors because he had been covered under Medicare at the time of the accident. The bankruptcy court dismissed the petition *nunc pro tunc* as of June 1, 1990, "to restore all property rights to the position in which they were found at the commencement of the case." *Id.* at 928 (quoting *In re Genovese*, 91 Bankr. 831, 833 (E.D. Tenn. 1988)).

The trial court decided that the plaintiff nevertheless lacked standing as a matter of state law. Indiana's Court of Appeals disagreed. The bankruptcy court, according to the appellate court, effectively undid the bankruptcy proceedings and restored Shewmaker's property rights as they existed on June 1, 1990. "The flaw in Etter's argument is that we are not a federal bankruptcy court," the Indiana court wrote. *Id.* at 928. The court found that the trial court had impermissibly interpreted federal law "in violation of the Supremacy Clause." *Id.* at 929. "[W]hether the bankruptcy judge's nunc pro tunc entry would suffice under Indiana law is of no moment," the court noted. *Id.* at 929, n. 6. As a result, the court held that Shewmaker was deemed to have standing when he filed his original complaint. *Id.* at 929.

The facts of the case at bar are analogous to those found in *Shewmaker*. Although here the bankruptcy court did not dismiss Boscan's bankruptcy petition, it did discharge the case without objection from the trustee in bankruptcy. Boscan asserts that she successfully amended her petition to both schedule her right of action against Yates and exempt it from the bankruptcy estate. She also asserts that, even if it is not completely exempted, the trustee in bankruptcy has otherwise abandoned it. The defendant's strongest argument here appears to be that, unlike in *Shewmaker*, the bankruptcy court did not explicitly rule the property right returned to Boscan *nunc pro tunc*. However, it appears that, under federal law, either abandonment or exemption of a property right restores that right to the debtor as if the debtor had never lost it.

Here, although the bankruptcy case was closed, the debtor-plaintiff successfully reopened her case and amended her petition to include her right of action. It is of no significance that the amendment was made in a "reopened" case, rather than an original "open" case. For purposes of filing amendments, an "open" case is no different from a "reopened" case. *Goswami*, 304 B.R. 386; *Towers*, 243 B.R. 756 (holding that, as in an open case, no court approval is needed for amendments made in reopened cases). According to Fed. R. Bankr. P. 4003(b), the trustee or any creditor had within thirty days after the creditor's meeting to file an objection to the amendment and forfeited the right to later contest the exemption by failing to object. *See also Wissman v. Pittsburgh Nat'l Bank*, 942 F.2d 867 (4th Cir. 1991) (stating that any party in interest may object to claimed exemptions). In this case, no objection was filed at all.

Even if the bankruptcy court had not recognized the exemption, it appears that the right of action was abandoned by the trustee. When the plaintiff reopened her case, she amended her petition to list the right of action on her exemption schedule. If the bankruptcy court refused to recognize the right of action as an exemption, it would have belonged to the bankruptcy

estate, vesting a right in the trustee. 11 U.S.C. 541 (stating that the bankruptcy estate is comprised of "all legal or equitable interests" of the debtor); *In re Wilson*, 94 B.R. at 888. However, once the case closed on May 15, 2007, the trustee no longer had authority over the estate, all scheduled property that was not administered by the trustee, including the right of action, was deemed abandoned, and the estate ceased to exist. *Goswami*, 304 B.R at 391 (listing the three ways closure affects the "estate"). Therefore, even if the bankruptcy court refused to exempt the right of action, the plaintiff's procedural and substantive rights would have been revived, and any property rights in her right of action against defendant would have been restored as if she had possessed them continuously. *See In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990).

However, in the case at bar, the bankruptcy court allowed the amended exemption and to hold that the plaintiff lacks standing would be contrary to federal law. *See 5 Collier on Bankruptcy* 541.08; *Augustin v. Danvers Bank*, 486 F. Supp. 2d 99, 104 (stating that a plaintiff has standing to bring pre-petition causes of action that are exempted or abandoned by the trustee). To hold that Boscan's standing was not retrospectively restored would conflict with the plaintiff's rights given her by federal law. Therefore, the plaintiff will be deemed to have standing in this case as of the date of her original Complaint.

For the reasons stated above, the defendant's Motion for Summary Judgment is denied.