**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ANNE LORRAINE BOTKIN,

*Plaintiff-Appellee,*

v.

DUPONT COMMUNITY CREDIT UNION,

*Defendant-Appellant,*

and

CHARLES R. ALLEN, JR.,

*Trustee.*

No. 10-1681

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Glen E. Conrad, Chief District Judge.
(5:10-cv-00018-gec; 09-51273)

Argued: May 12, 2011

Decided: June 13, 2011

Before TRAXLER, Chief Judge, and GREGORY and
DAVIS, Circuit Judges.

Affirmed by published opinion. Chief Judge Traxler wrote the
opinion, in which Judge Gregory and Judge Davis joined.

**COUNSEL**

Paul A. Dryer, FRANKLIN, DENNEY, WARD & LAW-SON, Waynesboro, Virginia, for Appellant. John Edward Whitfield, BLUE RIDGE LEGAL SERVICES, INC., Harri-sonburg, Virginia, for Appellee.

---

**OPINION**

TRAXLER, Chief Judge:

DuPont Community Credit Union appeals a district court order reversing a bankruptcy court order ruling that the debtor could not avoid a judicial lien on her property since she had not claimed an exemption in the property. Finding no error, we affirm the district court.

I.

Annie Botkin owns certain residential property in Highland County, Virginia, with a current market value of $22,500. A purchase money deed of trust in favor of First and Citizens Bank encumbers the property and secures an outstanding loan balance of approximately $24,124. The property is also encumbered by a $9,800 judicial lien held by DuPont Community Credit Union.

Botkin filed a voluntary petition for Chapter 7 bankruptcy relief on August 13, 2009. In conjunction with her filing, she recorded a homestead deed in the Circuit Court of Highland County. *See* Va. Code § 34-4 (providing that in addition to certain other exemptions, a "householder" under 65 is entitled "to hold exempt from creditor process arising out of a debt" property in an amount not exceeding $5,000 plus $500 for each of the householder's dependents); Va. Code § 34-14 (requiring householder to record a writing identifying the

property the householder selects as exempt under § 34-4). Because Botkin listed one dependent on her homestead deed, she was entitled to an exemption of up to $5,500. *See id.* The deed exempted a total of $2,723 against her anticipated tax refunds and small balances in her bank account. Although Botkin had $2,777 in homestead exemptions that she had not used, she did not claim an exemption for any portion of her residential property, as she had no equity in the property. Thus, on her Schedule C listing the exemptions she claimed in bankruptcy, she listed the items she had exempted on her homestead deed as well as her modest household furnishings and personal belongings, *see* Va. Code § 34-26.

On September 22, 2009, the bankruptcy trustee conducted a meeting of Botkin's creditors, *see* 11 U.S.C.A. § 341 (West 2004 & Supp. 2010), and subsequently reported, as is relevant here, that the estate had been fully administered and "that there [was] no property available for distribution from the estate over and above that exempted by law." J.A. 6. In October 2009, Botkin filed a motion to avoid DuPont's judicial lien under 11 U.S.C.A. § 522(f) (West 2004 & Supp. 2010), which provides, in relevant part, that a debtor "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is . . . a judicial lien." The bankruptcy court then scheduled the motion for a hearing. Although DuPont failed to file a response by the deadline the bankruptcy court had set, the court denied Botkin's motion on the basis that Botkin had not claimed an exemption in the property subject to the lien.

Botkin then appealed, and the district court reversed and remanded to the bankruptcy court for further proceedings, concluding that the Bankruptcy Code does not require a debtor to actually claim an exemption in the property subject to the judicial lien sought to be avoided under § 522(f).

II.

DuPont now argues that the district court erred in this ruling that the Code does not require a debtor to claim an exemption in the property subject to the judicial lien sought to be avoided under § 522(f). We disagree.[1]

In the bankruptcy context, the district court acts as a reviewing court for the bankruptcy court decision, and we, in turn, review the district court's decision. *See* 28 U.S.C.A. § 158 (West 2006 & Supp. 2010). This appeal presents a question regarding the appropriate statutory interpretation of the Bankruptcy Code, which we review de novo. *See Devan v. Simon DeBartolo Group, L.P. (In re Merry-Go-Round Enters.)*, 180 F.3d 149, 154 (4th Cir. 1999). In such matters, "the plain language of the Bankruptcy Code . . . is our determinant." *Patterson v. Shumate*, 504 U.S. 753, 757 (1992); *see NVR Homes, Inc. v. Clerks of the Circuit Courts for Anne Arundel County (In re NVR, LP)*, 189 F.3d 442, 457 (4th Cir. 1999). We conclude that the district court properly discerned the Code's plain meaning.

A bankruptcy estate comprises all the legal and equitable interests in property that a debtor possesses at the time of filing, as well as the interests that are recovered or recoverable via transfer and lien-avoidance provisions. *See* 11 U.S.C.A. § 541 (West 2004 & Supp. 2010). However, to help the debtor achieve a "fresh start," *Sheehan v. Morehead (In re Morehead)*, 283 F.3d 199, 206 (4th Cir. 2002) (internal quotation marks omitted), the Code exempts certain property from the bankruptcy estate, *see* 11 U.S.C.A. § 522 (West 2004 & Supp.

---

[1]We express no view on the merits of Botkin's motion to avoid DuPont's lien, other than to decide the narrow legal question before us. In particular, we do not address the effect of Virginia Code § 34-5, which provides that "[t]he property exemptions created under this Code shall not be claimed against . . . debts . . . [f]or the purchase price of such property or any part thereof."

2010). The Code allows a debtor to choose between specified federal exemptions or those provided by state law, unless state law provides, as Virginia's does, that only the state exemptions are available. *See* 11 U.S.C.A. § 522(b); *Snow v. Green (In re Snow)*, 899 F.2d 337, 338 (4th Cir. 1990) (citing Va. Code § 34-3.1).

The Code requires a debtor to file a list of the property claimed to be exempt from the bankruptcy estate. *See* 11 U.S.C.A. § 522(*l*). That list (Schedule C) generally must be filed with the petition in a voluntary case or within 14 days after the entry of an order for relief in an involuntary proceeding unless the court extends the deadline. *See* Fed. Bankr. R. 1007(c). Any property claimed as exempt then becomes exempt unless a party in interest objects. *See* 11 U.S.C.A. § 522(*l*). A debtor may amend her list as a matter of course at any time before a case is closed. *See* Fed. Bankr. R. 1009(a); *Kaelin v. Bassett (In re Kaelin)*, 308 F.3d 885, 889 (8th Cir. 2002). Following an amendment to a Schedule C, a creditor generally has 30 days to object to any new exemption. *See* Fed. Bankr. R. 4003(b).

In addition to the rights to exempt certain property from the bankruptcy estate, debtors also, under 11 U.S.C.A. § 522(f), can move to avoid, or wipe out, a lien or interest that a creditor has in particular property. It is this right that is the subject of the current appeal. 11 U.S.C.A. § 522(f)(1) provides, as is relevant here, that a debtor "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is . . . a judicial lien." 11 U.S.C.A. § 522(f)(2) defines when a lien "shall be considered to impair an exemption": It is considered to do so

    to the extent that the sum of

        (i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C.A. § 522(f)(2). DuPont concedes that this mathematical test is satisfied here.

DuPont nevertheless argues that the district court erred by concluding that a debtor can avoid a judicial lien under § 522(f) without having already claimed an exemption in the property subject to the lien. On this issue, the Supreme Court's decision in *Owen v. Owen*, 500 U.S. 305 (1991), is instructive. In *Owen*, the respondent obtained a judgment against her ex-husband ("the debtor") for approximately $160,000, which was recorded in Sarasota County, Florida. *See id.* at 306. In 1984, the debtor purchased a condominium in Sarasota County that became subject to his ex-wife's judgment lien. *See id.* at 307. Florida subsequently amended its homestead law such that the condominium, which had not previously qualified as a homestead, qualified as one. *See id.* However, while Florida's constitution generally provides that homestead property is exempt from creditor process, the exemption does not apply to liens that pre-existed the homestead amendment. *See id.* Nevertheless, in 1986, the debtor filed for Chapter 7 bankruptcy and claimed a homestead exemption in his condominium. *See id.* The bankruptcy court sustained his claimed exemption and discharged his personal liability for his debts, but the condominium remained subject to his former wife's pre-existing lien. *See id.* When the debtor later moved to reopen his case to avoid the lien under § 522(f)(1), the bankruptcy court denied his request. *See id.* On appeal, the district court affirmed, ruling that the lien could not be avoided because the property did not qualify for

the exemption since the lien attached before the homestead amendment came into force. *See id.* at 307-08. The Eleventh Circuit affirmed on the same ground, and the Supreme Court granted certiorari. *See id.* at 308.

Before the Supreme Court, the respondent argued that her judicial lien did not impair the exemption in question because, as a matter of state law, the existence of the lien prevented the debtor from being entitled to the exemption. *See id.* at 309. The Supreme Court concluded that her argument was at odds with § 522(f)'s language, explaining:

> To determine the application of § 522(f) [courts] ask not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he *would have been* entitled but for the lien itself.
>
> As the preceding [underlined] words suggest, this reading is more consonant with the text of § 522(f) – which establishes as the baseline, against which impairment is to be measured, not an exemption to which the debtor "*is* entitled," but one to which he "*would have been* entitled."

*Id.* at 310-11 (emphasis in original and footnote omitted).

It was after *Owen*, in 1994, that Congress amended § 522, to add subsection f(2), providing the aforementioned mathematical formula under which courts can determine whether the judicial lien at issue actually impairs the relevant exemption. *See* Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, 108 Stat. 4106, 4132 § 303 (1994). Importantly, one of the components is "the amount of the exemption that the debtor *could claim* if there were no liens on the property." 11 U.S.C.A. § 522(f)(2) (emphasis added). As was the case with the statutory language on which *Owen* relied, this language reflects § 522's focus not on any actual claim of exemption,

but rather on the hypothetical exemption that the debtor would have been entitled to in the absence of the lien.[2]

Furthermore, the Code's plain language does not even appear to allow a debtor to claim an exemption at a time when the existence of a lien is preventing the property from being exempt. *See* 11 U.S.C.A. § 522(b)(2)(A) (allowing a debtor to exempt "any property that *is* exempt under . . . State or local law that is applicable on the date of the filing of the petition" (emphasis added)); *see also Owen*, 500 U.S. at 308 ("No property can be exempted . . . unless it first falls *within* the bankruptcy estate.").[3] Only if the lien is in fact avoided does the debtor become entitled to claim the exemption under that scenario, and a debtor can amend her Schedule C at that time to do so, *see* Fed. R. Bankr. P. 1009(a). For all of these reasons, we conclude that the Code plainly provides that debtors need not claim an exemption as a precondition of avoiding a lien that the debtor contends impairs that exemption.

DuPont argues that allowing avoidance of a lien under § 522(f) before an exemption has actually been claimed would deny creditors the right to object. But that is simply not true. Creditors are free to raise exemption issues during litigation of a § 522(f) lien-avoidance issue. *See* Fed. Bankr. R. 4003(d) ("[A] creditor may object to a motion filed under § 522(f) by challenging the validity of the exemption asserted to be impaired by the lien."). Additionally, when a debtor amends her Schedule C to add an exemption that a lien had

---

[2]The legislative reports accompanying the Bankruptcy Reform Act of 1978 also reflect this focus. *See* H.R. Rep. No. 95-595, at 362 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6318 ("The debtor may avoid a judicial lien on any property to the extent that the property *could have been* exempted in the absence of the lien." (emphasis added)); S. Rep. No. 95-989, at 74 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5862 (same).

[3]Although the debtor in *Owen* actually did claim the property at issue as exempt, *see Owen*, 500 U.S. at 307, the Court had no reason to consider the propriety of that procedure.

previously prevented, her creditors have 30 days from the amendment to object to the exemption. *See* Fed. Bankr. R. 4003(b).

DuPont also suggests that unless a debtor must claim an exemption before seeking to avoid a lien that purportedly impairs that exemption, the bankruptcy courts will be unable to determine the amount of the exemption at issue or whether the exemption is impaired. That is also incorrect. A debtor's entitlement to § 522(f) avoidance already requires the debtor to prove the amount of the exemption he would have in the absence of the lien. An actual claim of the exemption is in no way necessary for the district court to apply § 522(f)(2)'s mathematical formula or otherwise evaluate the § 522(f) motion.

DuPont further maintains that allowing Botkin to avoid DuPont's lien without ever having claimed an exemption "permit[s] her to gain all the benefits of § 522(f) without having to bear the consequences of having to use her limited exemptions." Brief of Appellant at 19. However, for the reasons we have explained, the language of the Code plainly does not require a debtor to claim an exemption in order to avoid a judicial lien on the basis that it impairs the exemption. Whether such a requirement could have carried with it certain policy advantages is a question we need not address. *See United States v. Ide*, 624 F.3d 666, 670 n.3 (4th Cir. 2010) ("Because we conclude that the language of [the statute] is plain, we need not address the various public policy arguments that each side advances.").[4]

---

[4]DuPont also notes that Botkin had a reason to claim an exemption in her property because "[e]quity or no equity, Ms. Botkin's legal interest in the real estate passed into the bankruptcy estate" when she filed her bankruptcy petition. Brief of Appellant at 12. DuPont maintains that not having claimed her home as exempt, Botkin risked the possibility that the trustee would "take possession of [her] property in order to lease it to generate assets for the bankruptcy estate" under the authority granted the trustee

### III.

In sum, because we find that the district court correctly concluded that a debtor is not required to list her property as exempt in order to avoid a judicial lien that is impairing that exemption, we affirm the district court's reversal of the bankruptcy court's denial of Botkin's motion to avoid DuPont's judicial lien.

*AFFIRMED*

---

under 11 U.S.C.A. § 363 (West 2004 & Supp. 2010). Reply brief of Appellant at 5-6. Claiming her home as exempt was not an option for Botkin, however, as Virginia law prohibits a debtor from claiming an exemption against debts "[f]or the purchase price of such property or any part thereof." Va. Code § 34-5. Botkin's property, valued at $22,500, was encumbered by a purchase money deed of trust securing an outstanding loan balance of approximately $24,124.