**IN RE: Scott William SCHMIDTKE, Gloria Lynn Schmidtke, Debtors.**

**Bankruptcy Case No. 09–18484 EEB**

United States Bankruptcy Court, D. Colorado.

Signed March 11, 2014

Dewayne Gooch, Colorado Springs, CO, for Debtors.

Chapter 7

**ORDER GRANTING MOTION TO AVOID JUDICIAL LIEN AND OVERRULING OBJECTION TO CLAIM OF EXEMPTION**

Elizabeth E. Brown, Bankruptcy Judge

THIS MATTER is before the Court on the Debtors' motion to avoid a judicial lien recorded against their primary residence under 11 U.S.C. § 522(f).[1] The lienholder, North Carefree, LLC ("Creditor"), has objected to both this motion and the Debtors' Amended Schedule C, claiming a homestead exemption. Both sides agree that, at the time of the bankruptcy filing, this home had a fair market value of $160,000, subject to two mortgages totaling $174,331. Thus, even without the Creditor's judgment lien of $26,574.86, the Debtors had no equity in their home. As a result, although they scheduled the home as an asset, they did not claim a homestead exemption during the case. After their case had been closed, the Debtors discovered

the Creditor's lien and reopened their case to avoid it. The Creditor contends that the Debtors cannot avoid the lien under § 522(f) because that section only avoids a lien to the extent it impairs a debtor's exemption. The Creditor contends that Debtors are now time-barred from claiming an exemption on their home because schedules, including a schedule of exemptions, may only be amended before the closing of the bankruptcy case. This matter raises two issues of first impression in this jurisdiction: whether § 522(f) requires a claimed exemption and, if so, whether a debtor may claim an exemption for the first time after the closing of a case.

**I. DISCUSSION**

■ Like the Creditor, this Court has always assumed that a debtor had to first claim the related exemption in order to seek relief under § 522(f). Thus, if a debtor filed a § 522(f) motion, but had not already claimed the exemption, the Court would issue a deficiency notice requiring the debtor to amend his schedule of exemptions before it would consider the § 522(f) motion, even if the motion was uncontested. Knowing that this Court required the claimed exemption as a predicate, the Debtors in this case not only filed their § 522(f) motion, but also an Amended Schedule C, to which the Creditor has also objected. This contested matter has now caused the Court to test its own assumptions, and it has discovered that many courts disagree as to whether a debtor must first claim an exemption before seeking relief under § 522(f).[2] Having consid-

---

1. All future references to "Section" or "§" shall refer to Title 11, United States Code and all references to "Rule" shall refer to the Federal Rules of Bankruptcy Procedure, unless expressly stated otherwise.

2. Some courts hold that a debtor must first claim the exemption. *See, e.g., In re Wallace,* 453 B.R. 78, 82 (Bankr.W.D.N.Y.2011); *In re Berryhill,* 254 B.R. 242, 244 (Bankr.N.D.Ind. 2000); *In re Mukhi,* 246 B.R. 859, 862 (Bankr.N.D.Ill.2000); *In re Mohring,* 142 B.R. 389, 396 (Bankr.E.D.Cal.1992), *aff'd,* 1993

ered these authorities carefully, this Court now concludes that a debtor may utilize § 522(f) to avoid a judicial lien without claiming the related exemption.

Beginning with the language of the statute itself, § 522(f) allows a debtor to avoid a judicial lien on his property "to the extent that such lien impairs an exemption *to which the debtor would have been entitled* under subsection (b) of this section...." 11 U.S.C. § 522(f)(1) (emphasis added). Construing this italicized language, the Supreme Court stated:

> To determine the application of § 522(f) [bankruptcy courts] ask not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he *would have been* entitled but for the lien itself.
>
> As the preceding italicized words suggest, this reading is more consonant with the text of § 522(f)—which establishes as the baseline, against which the impairment is to be measured, not an exemption to which the debtor "*is* entitled," but one to which he "*would have been* entitled." The latter phrase denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality.

*Owen v. Owen*, 500 U.S. 305, 310–11, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) (footnotes omitted) (emphasis original).

The significance of this language is well illustrated by the facts and holding of *Owen*. In that case, the chapter 7 debtor reopened his case and moved to avoid a judgment lien on his condominium. At the time of attachment of the creditor's lien, Florida's homestead exemption was only available to a "head of household" debtor, and not to this debtor, who was single. The legislature later amended Florida's Constitution (which is the source of its homestead exemption) to extend the exemption to a natural person. At the time of the debtor's bankruptcy filing, he claimed it as exempt under the amended Florida Constitution, and the bankruptcy court allowed the exemption. When he later reopened his case to file a § 522(f) motion, the bankruptcy court, and all of the appellate courts preceding the Supreme Court, refused to avoid the lien. Instead the lower courts reasoned that, although Florida had amended its exemption, the amendment did not apply retroactively to pre-existing judgment liens. In other words, the lower courts analyzed whether this debtor was *actually entitled* to exempt the condominium under Florida law from the lien of this judgment creditor.

Relying on the emphasized language in § 522(f), the Supreme Court held that the judicial lien could nevertheless be avoided under § 522(f). The Supreme Court had accepted certiorari in *Owen* to resolve a split among the circuits about whether a debtor may utilize § 522(f) regardless of whether he is *actually able* to exempt the property in light of built-in limitations that exist under a state law exemption statute. In essence, the Supreme Court construed the emphasized language in § 522(f) to

WL 157358 (9th Cir. BAP Apr. 23, 1993), *aff'd*, 1994 WL 192075 (9th Cir. May 16, 1994); *see also In re Church*, 2009 WL 3754399, at *1–2 (Bankr.D.Mass. Nov. 3, 2009). Other courts hold that claiming an exemption is not a prerequisite. *See, e.g.*, *Botkin v. DuPont Cmty. Credit Union*, 650 F.3d 396, 400 (4th Cir.2011); *In re Scannell*, 453 B.R. 36, 40 (Bankr.D.N.H.2011); *In re Powell*, 399 B.R. 190, 197 (Bankr.W.D.Tex. 2008); *In re Moreno*, 352 B.R. 455, 460 (Bankr.N.D.Ill.2006); *Johnson v. Ford Motor Credit Co. (In re Johnson )*, 53 B.R. 919, 922 n. 7 (Bankr.N.D.Ill.1985); *Yamamoto v. City Bank of Honolulu (In re Yamamoto )*, 21 B.R. 58, 59 (Bankr.D.Haw.1982); *see also, In re Scotti*, 456 B.R. 760, 764 n. 4 (Bankr.D.S.C. 2011).

signal that federal policies underlying § 522(f) may trump limitations that otherwise exist as to state law exemptions. For example, the Court pointed to the fact that § 522(f) allows avoidance "notwithstanding any waiver" of the exemption that might otherwise be recognized by state law. *Id.* at 313, 111 S.Ct. 1833.

The Court did not, however, invite bankruptcy courts to ignore all state law limitations on exemptions. It noted that § 522(f) measures impairment against the exemption to which the debtor *"would have been* entitled" rather than the exemption which he *"is* entitled." *Id.* at 311, 111 S.Ct. 1833 (emphasis original). The Court then posed the question, " '[w]ould have been' *but for what?* The answer given, with respect to the federal exemptions, has been *but for the lien at issue,* and that seems to us correct." *Id.* In other words, "the only conceivable fact we are invited to disregard is the existence of the lien." *Id.* at 312, 111 S.Ct. 1833. Thus, the *Owen* decision did not address directly how other limitations on a debtor's right to claim an exemption affect lien avoidance rights under § 522(f). But the Court's reasoning and holding would seem to indicate that the bankruptcy court need not police whether the debtor has claimed or is entitled to claim an exemption before considering a debtor's § 522(f) motion.

The only circuit court decision to have addressed this issue following *Owen* is *Botkin v. DuPont Cmty. Credit Union,* 650 F.3d 396 (4th Cir.2011), in which the court drew this very same conclusion. In *Botkin,* the debtor did not claim a homestead exemption because she had no equity in the home to protect. Prior to the closing of her case, she nevertheless filed a § 522(f) motion to void a judicial lien recorded against her home. Despite the fact that the lien holder had not contested the motion, the bankruptcy court refused to grant it on the basis that the debtor had not claimed a homestead exemption. Relying principally on the Supreme Court's construction of § 522(f) in *Owen,* the Fourth Circuit ruled that it was not necessary to claim the exemption in order to avoid a lien under § 522(f). It found additional support in a 1994 amendment to § 522(f), enacted after *Owen,* which set forth a mathematical formula for computing when a lien impairs an exemption. As part of this formula, § 522(f)(2)(A)(iii) now refers to "the amount of the exemption that the debtor *could claim* if there were no liens on the property." *Botkin,* 650 F.3d at 400 (citing 11 U.S.C. § 522(f)(2)) (emphasis original).

If all of this were not confusing enough, there is yet another wrinkle to this analysis and it may seem contradictory at first blush. Although the debtor need not claim the exemption in order to seek relief under § 522(f), the lien creditor may defend against the motion by asserting that the debtor is not entitled to the exemption. Many courts, including this Court, have long held that a creditor may object to a § 522(f) motion by challenging the validity of the exemption asserted to be impaired by its lien. *Morgan v. Fed. Deposit Ins. Corp. (In re Morgan* ), 149 B.R. 147, 151–52 (9th Cir. BAP1993); *In re Patterson,* 275 B.R. 578, 584 (Bankr.D.Colo.2002); *In re Montgomery,* 80 B.R. 385, 392–93 (Bankr.W.D.Tex.1987); *but see, In re Mukhi,* 246 B.R. 859, 865 (Bankr.N.D.Ill. 2000). Federal Rule of Bankruptcy Procedure 4003 was amended in 2008 to expressly state that the lien creditor may challenge the exemption's validity in defense of a § 522(f) motion. It may defensively challenge the exemption even if the time for objecting to the debtor's exemptions has long passed.

How do we reconcile the *Owen* Court's ruling that the debtor does not have to

claim the exemption or demonstrate entitlement to it to succeed on a § 522(f) motion with the fact that the lien creditor may challenge the motion by disputing the debtor's entitlement to the exemption? This apparent contradiction is resolved by understanding the two different purposes served by § 522(f) and § 522(b) (which allows the debtor to claim exemptions). Subsection 522(b) allows a debtor to claim exemptions on certain property if he declares and lists them in his schedules in accordance with § 522(*l*). If no party-in-interest timely objects to the claimed exemption, the property will be deemed exempt, regardless of whether the debtor is actually entitled to the exemption. 11 U.S.C. § 522(*l*); Fed. R. Bankr.P. 4003(b); *Taylor v. Freeland & Kronz,* 503 U.S. 638, 643–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). The purpose behind subsections 522(b) and (*l*) is to create certainty and finality as to what property is available for the debtor's fresh start and what property is available to satisfy the claims of the unsecured creditors of the estate.

There are only two challenges that may later arise to the exemption. The first is a challenge as to whether the value of the exempt property exceeds any dollar limitation on the exemption. For example, if the debtor claims a $10,000 tool of the trade exemption, but the property is later determined to be worth $15,000, then absent some very specific language used in the debtor's schedule of exemptions, the Supreme Court has ruled that the trustee may later move to sell the exempt property and the estate may realize any proceeds above the exempt amount. *Schwab v. Reilly,* 560 U.S. 770, 774, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010).

The second challenge arises in the context of the § 522(f) motion. If the lien creditor establishes that the property is not exempt in defending against the motion, then the debtor may not avoid the lien. Section 522(f) does not place the debtor's entitlement to a *claimed exemption* at issue. The debtor will have his exemption regardless of the outcome of the lien avoidance action. Instead, § 522(f) focuses on the debtor's entitlement to *lien avoidance.* This means the fact that property has been deemed exempt under § 522(*l*) is not determinative of the debtor's ability to avoid a lien on that property. For example, if the debtor claimed a tool of the trade exemption for $10,000 and no party timely objected, the property would be exempt from the claims of the general creditor body. If the debtor later filed a § 522(f) motion to avoid a creditor's $5,000 lien on this same property, and the creditor successfully proved that the property is not a tool of the debtor's trade, then the creditor's $5,000 lien would remain affixed to the property. But the balance of the property's value of $5,000 would remain exempt *from the estate,* even if it had been subsequently determined that the debtor was not in fact entitled to a tool of the trade exemption.

Coming full circle, the debtor does not have to claim an exemption to seek § 522(f) relief, but in resolving the motion, the creditor may ask the court to determine whether the debtor would have been entitled to the exemption, if he had claimed it. The outcome of the § 522(f) motion, however, will not render the property exempt from the claims of the general creditor body, if the debtor had not previously claimed an exemption. It only determines whether the debtor may avoid the creditor's lien. In analyzing the present § 522(f) motion, the Court need not determine whether the Debtors here did claim the exemption, but only whether the Creditor's lien impairs an exemption to which they *would have been entitled.*

■ Moreover, the Debtors in this case have no need to claim an exemption. In *Botkin* and in the present case, the debtors did not bother to claim an exemption on their homes because there was no equity above the consensual liens to protect through an exemption. At this point, even if there had been equity, the Debtors would not need to exempt their home in order to protect it from the general creditor body. The Debtors scheduled it as an asset. This is significant because an asset that has been scheduled, but not administered (or liquidated) by the trustee before the closing of the case, is deemed abandoned to the debtor at closing by operation of law. 11 U.S.C. § 554(c). The Debtors' home is, therefore, free of the claims of the general creditor body by virtue of its abandonment, without the necessity of a claimed exemption. Accordingly, the Court strikes the Debtors' Amended Schedule C and overrules the Creditor's objection to it as moot.

■ Having concluded that it was not necessary for the Debtors to claim their home as exempt, the Court must determine next whether the Creditor has a valid objection to lien avoidance. The Creditor has raised three defenses. First, the Creditor asserts that, not only did the Debtors have to claim the exemption, but they are now time barred from doing so. It is true that various provisions of the Code and the Rules seem to indicate that a debtor cannot claim an exemption after the closing of a case.[3] Courts are currently divided on the issue.[4] While the Court could weigh in on that dispute, it need not do so for purposes of the present motion. The Creditor's argument again goes to the issue of Debtors' entitlement, at this point in time, to *actually claim* an exemption for their homestead. That is not the proper focus of a § 522(f) motion. Rather, this Court need only decide whether Debtors *would have been* entitled to exempt their home if they had claimed it. Here, there is no suggestion that this residence is not their homestead. There has been no assertion that they are attempting to claim a greater amount of equity as exempt than

---

**3.** Section 522(b) allows a debtor to exempt property from the bankruptcy estate under subsection (d) or applicable state law. Section 522(*l*) requires a debtor to file a list of the property he claims as exempt under subsection (b). The manner and timing of the filing of that list is governed by Rule 4003(a), which specifies that property claimed as exempt be listed on the schedule of assets required to be filed by Rule 1007. Rule 1007(c), in turn, requires the schedules be filed no later than fourteen days from the date of the voluntary petition. Once the schedules have been filed, Rule 1009(a) grants a debtor the right to amend any schedule "at any time before the case is closed." Fed. R. Bankr.P. 1009(a). *See, e.g., Goswami v. MTC Distrib. (In re Groswami)*, 304 B.R. 386, 39293 (9th Cir. BAP 2003); *Equitable Life Assurance Co. v. Union Planters Bank of Ne. Miss. (In re Jordan)*, 276 B.R. 434, 438 (Bankr.N.D.Miss. 2000).

**4.** Three distinct schools of thought have developed. First, at least one court has applied a plain language approach to Rule 1009(a), holding that Schedule C may not be amended under any circumstances after a case has been closed. *In re Bartlett*, 326 B.R. 436, 441 (Bankr.N.D.Ind.2005). A second group holds that there is no difference between an open and a reopened case for purposes of amendment under Rule 1009(a). Finally, a third group of courts hold that while the ability to amend as a matter of right under Rule 1009(a) ends when the case is closed, a court may in its discretion allow amendment after reopening under Rule 9006(b)(1), if the debtor establishes "cause," by demonstrating excusable neglect. *Moretti v. Bergeron (In re Moretti)*, 260 B.R. 602, 607–08 (1st Cir. BAP 2001); *In re Poulette*, 493 B.R. 729, 733–34 (Bankr. D.Md.2013); *In re Wilmoth*, 412 B.R. 791, 796–97 (Bankr.E.D.Va.2009). Although the Court need not reach the issue to resolve the present motion, it finds the third approach more persuasive.

state law allows. There is no reason of which this Court is aware that would have denied these Debtors a homestead exemption on this property. Thus, the Court concludes that, for purposes of § 522(f), Debtors *would have been* entitled to claim a homestead exemption.

■ The Creditor's second defense is that the Debtors cannot exempt the property because they have no equity in it. This argument is also without merit. Section 522(f) does not require that a debtor have equity in his property in order to avoid a judicial lien. *Higgins v. Household Fin. Corp. (In re Higgins )*, 201 B.R. 965, 967 (9th Cir. BAP 1996); *In re Patterson,* 482 B.R. 755, 764 (Bankr.D.Vt.2012); *In re Brody,* 297 B.R. 5, 9 (Bankr.S.D.N.Y. 2003); *In re VanZant,* 210 B.R. 1011, 1014 (Bankr.S.D.Ill.1997).

The legislative history of § 522(f)(2), added to the Code in 1994, explains:

Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption, based on a decision, *In re Brantz,* 106 B.R. 62 (Bankr.E.D.Pa. 1989), that was favorably cited by the Supreme Court in *Owen v. Owen,* 111 S.Ct. 1833, 1838, n. 5.

The decisions that would be overruled involve several scenarios. The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid.... Most courts and commentators had understood that in that situa-

tion the debtor is entitled to exempt his or her residual interests, such as a possessory interest in the property, and avoid a judicial lien ... in any amount, that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption Congress meant to protect, by executing on the lien. Unfortunately, a minority of court decisions ... have interpreted section 522(f) as not permitting avoidance of liens in this situation. The formula in the section would make clear that the liens are avoidable.

H.R.Rep. No. 103–835, at 52–53 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3361–62.

■ Finally, the Creditor asserts that, because the amount of its judicial lien ($26,574.86) is less than the unencumbered value of the property ($160,000), its lien cannot be avoided. This is *not* the calculation required by § 522(f)(2). Section 522(f)(2)(A) specifies that a judicial lien impairs an exemption to the extent that the *sum* of the lien, all other liens on the property, and the amount of the exemption to which a debtor would be entitled in the absence of liens exceeds "the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A)(iii). Thus, the appropriate calculation is to add the amount of the judicial lien ($26,574.86), the consensual liens not being avoided ($174,331), and the Colorado homestead exemption ($60,-000) and to compare the resulting figure to the unencumbered value of the Property ($160,000). In this case, the sum of all liens and the exemption is $260,905.86, which exceeds the unencumbered value of the Property by $100,905.86. Thus, the Creditor's entire judicial lien is avoidable.[5]

5. Judge Brooks' opinion in *Pearson v. Sec. Prop., LLC (In re Pearson),* 428 B.R. 533

(Bankr.D.Colo.2010), relied on by the Creditor, is inapplicable here. The issue in *Pearson*

## II. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Creditor's objection is OVERRULED and Debtors' Motion to avoid the judicial lien of North Carefree, LLC recorded against real property located at 4431 Fortune Circle N, Colorado Springs, Colorado is GRANTED.

FURTHER ORDERED that the Debtors' Amended Schedule C is STRICKEN and the Creditor's Objection to Debtors' Amended Schedule C is OVERRULED as moot.

was whether a judgment lien is partially or completely avoidable when the debtor has equity in the property in excess of the homestead exemption and senior liens.